DENNIS GREEN, WILLIAM JACK, and JAMES M. SPADDEN, tenants in possession, plaintiffs in error, vs. LITTLETON D. GLASS, and SAMUEL BARNETT, lessors, defendants in error.

A deed purporting to be signed, sealed and delivered, in the presence of two witnesses, was admitted to record upon the affidavit of one of them that he saw the grantor sign, seal and deliver the deed at the time, and for the purposes therein mentioned; that he saw the other sign the same as a witness, and that he signed the same as a witness, also; each in the presence of each other.

*Held,* That the probate was sufficient.

Ejectment, in Catoosa Superior Court. Tried before Judge CROOK, May Term, 1859.

This was an action of ejectment to recover lot No. 164, in the 28th district and third section of originally Cherokee county.

Plaintiff submitted his proofs and closed, when defendants, amongst other things, tendered in evidence a deed for the premises in dispute, from Littleton D. Glass, the grantor, to William B. Mann, dated 6th February, 1838. This deed purported to have been executed in the State of Alabama, Barbour county, the residence of the grantor, Glass, and

" signed, sealed and delivered in the presence of these witnesses.

 Test, LEVI GLASS,
   THORNTON G. KENT.

This deed was recorded in the Clerk's office of the Superior Court of Walker county, 14th April, 1851, upon the following affidavit made by one of the witnesses before a commissioner appointed by the Governor of the State of Georgia to take acknowledgement of deeds in the State of Alabama, to-wit:

STATE OF ALABAMA, MONTGOMERY County.

Before me Charles A. T. Price, commissioner of deeds, appointed by the Governor of the State of Georgia, to take acknowledgement of proof of deeds for said State of Georgia, personally appeared the within named Thornton G. Kent, who being sworn on oath, says he saw the within named grantor, Littleton D. Glass, sign, seal and deliver the attached and foregoing deed to the said William B. Mann, on the day and year, and for the uses and purposes therein expressed, and that he saw Levi Glass sign the same as a witness, and that this deponent signed the same as a witness; also in the presence of each other.

 (Signed)    THORNTON G. KENT.

. Sworn to and subscribed before me, this 17th day of October, 1851, under my hand and seal.

   CHARLES A. T. PRICE, Com'r. [SEAL.]

Plaintiff objected to the introduction of this deed, without further proof of its execution, on the ground that the affidavit of Kent, one of the witnesses thereto, did not state that the other witness to said deed was present at its execution. The Court sustained the objection, and rejected the deed, and defendants excepted.

The jury found for the plaintiff, whereupon defendants

moved for a new trial on various grounds, one of which was, that the Court erred in rejecting the deed above mentioned.

The Court refused to grant a new trial, and defendants excepted, and assigned said refusal as error.

AKIN; and WALKER, for plaintiff in error.

CULBERSON; and DOUGHERTY, *contra.*

*By the Court.*—LUMPKIN J. delivering the opinion.

A new trial was moved for in this case, on several grounds, and refused by the Court, and it is to reverse this decision that this writ of error is prosecuted.

We think the witness, Johnson, was permitted to go too far perhaps, in being allowed to state that he knew the land in dispute from the directions given to him by Murray, who had once owned it; and likewise, in stating as he did, that one of the persons on the land informed him that his own family, and the family of the other tenant, were living on the premises. But these are minor matters, and we should not feel inclined to reverse the judgment on these grounds.

The main question in the case is, was the Court right in ruling out the deed from Littleton D. Glass to William D. Mann, on the ground that it was not sufficiently proven?

The deed was witnessed by Levi Glass, with the word "test" annexed to his name, and by Thornton G. Kent. It purports to be "signed, sealed and delivered in the presence" of these witnesses. It was admitted to record upon the affidavit of Thornton G. Kent, who swore "that he saw the grantor, Glass, sign, seal and deliver the deed to William D. Mann, on the day and year, and for the uses and purposes therein expressed; and that he saw Levi Glass sign the same *as a witness*, and that he, the deponent, signed the same *as a witness*, also *in presence of each other*."

The objection to the probate is, that it does not show that

Green et al. vs. Glass and Barnett.

Levi Glass was present at its execution.    The Court sustained the objection, and ruled out the deed.

Kent deposes that he saw Levi Glass sign the deed "as a witness."   Witness of what?   Of course, of its execution; and that he signed the same as a witness; "also in the presence of each other."   This latter clause may mean, that the witnesses only signed in the presence of each other.   It may also mean that all three, the grantor and two witnesses, signed in the presence of each other.   This would be no forced construction.   It as legitimately means the one as the other, and knowing, as we do, that to hold this probate insufficient would shake the titles to half the real estate in Georgia, we should struggle to uphold, rather than to defeat the probate.

Putting aside the record, if these witnesses were dead or beyond the reach of the Court, there can be no doubt but that this deed would be admitted in evidence upon proof of the hand-writing of the witnesses; and yet, the evidence of its execution would be much weaker in the case supposed, than the case as it is.   The attestation clause is unusually full.   Glass even subjoins the word "test" to his name, which *ex vi termini* is significant of the fact that he witnessed the execution of the deed.   The probate precludes the supposition, both that the grantor did not sign in the presence of the witnesses, and they in his.

Besides, Kent deposes, that he saw the deed delivered.   This of course, was subsequent to its attestation.   Littleton D. Glass then adopted the attestion.   Where is there room for fraud or imposition?

We deem it unnecessary to pronounce any opinion upon the fourth ground in the motion for a new trial.   With the deed of Glass to Mann in evidence, the title is with the defendants.

Judgment reversed.