STEWART, adm'r, *et al. v.* GOLDEN, adm'x, *et al.*

Where letters of administration were granted upon the estate of a deceased non-resident of this State, and the administrator, under an order of the court which granted the letters, sold land as the property of the estate, and thereafter upon the petition of other persons claiming to own the land, and against whom the alleged title acquired by the administrator's sale was being asserted (to which petition the administrator and his vendees were parties and with which they were duly served), a judgment was rendered by the court of ordinary from which the letters issued, declaring that these letters were void *ab initio* for want of jurisdiction in that court to grant them, this judgment, the same not having been excepted to nor reversed, was binding upon all the parties thereto, though the petition was filed more than three years after the letters of administration were granted, there having been, so far as appears, no defense to the same by demurrer, plea or otherwise.

2. Applying the above to the facts in the present record, the plaintiffs' evidence failed to make out a case entitling them to a recovery of the premises in dispute, and there was no error in directing a verdict for the defendants.

May 23, 1896. By two Justices. Argued at the last term.

Equitable petition. Before Judge Smith. Haralson superior court. July term, 1895.

*Sidney Holderness* and *Merrell & Cole,* for plaintiffs.
*King & Mundy, Price Edwards* and *W. P. Robinson,* for defendants.

SIMMONS, Chief Justice.

The plaintiffs in error brought an action of complaint for land against the defendants in error, who were in possession. Upon the trial they introduced in evidence a grant from the State to Amos Williams, a deed from Williams to one Harris, a deed from Underwood, administrator of Harris, to Long and Richards, and a deed from Richards to Stewart and Long. One of the defenses relied on by the defendants was, that the deed from Underwood, as administrator of Harris, to Long and Richards, was illegal and void, because the administration on the estate of Harris in

Meriwether county was illegal, in that Harris did not live there at the time of his death, had no property there at the time of his death, and had no *bona fide* cause of action against anybody residing there; and because the judgment granting the letters of administration had since been legally set aside. It appears from the record, that Underwood was appointed administrator of Harris by the court of ordinary of Meriwether county in April, 1861; that in 1874 he applied for and obtained an order from the same court, authorizing him, as administrator, to sell the land belonging to the estate of the intestate, and that under this order he sold the land in dispute to the predecessors in title of the plaintiffs. In 1890, after the present action was begun, the defendants applied to the court of ordinary to set aside the judgment of that court appointing Underwood administrator on the estate of Harris, on the ground that the court had no jurisdiction, for the reasons set out in the above stated defense. A rule *nisi* was issued by the ordinary, calling on the plaintiffs to show cause why the judgment appointing Underwood administrator should not be set aside; and this rule and a copy of the petition were properly served upon the plaintiffs, and at a succeeding term of the court of ordinary the judgment appointing Underwood as administrator was set aside and declared void *ab initio*, on the ground that the court had no jurisdiction, for the reasons above stated. This order was introduced in evidence at the trial. The court instructed the jury to find for the defendants, which they did, and the plaintiffs made a motion for a new trial, which was overruled, and they excepted.

It was insisted in the argument here, that the last judgment of the court of ordinary was void for two reasons: (1) that the defendants had no right to move to set aside the judgment, because they were not parties thereto and there was no privity between them and the deceased or the administrator or any one claiming under them; and (2) be-

cause the application was not made within three years after the judgment which it was sought to set aside had been rendered. The validity of the deed from Underwood, as administrator, under which the plaintiffs were seeking to recover, being dependent on the validity of the judgment appointing him administrator, the defendants were vitally interested in setting it aside. Why then were they not entitled to have it set aside in the same court that rendered it? If the facts pleaded by them were true, there could be no question that the judgment was void; and "a void judgment is a mere nullity, and may be so held in any court when it becomes material to the interest of the parties to consider it." (Code, §3594.)  "A judgment that is void may be attacked in any court, and by anybody." (Code, §3828.) We do not see, therefore, why the defendants did not have a right to go into the court that rendered the judgment and have it set aside.

But it was argued that under section 2914(a) of the code, which declares that "all proceedings of every kind in any court of this State, to set aside judgments or decrees of the courts, must be made within three years from the rendering of said judgments or decrees," the proceeding in the court of ordinary to set aside the judgment in question was too late, and the judgment setting the same aside was therefore void. This section of the code does not deprive a court of jurisdiction to set aside judgments, but is simply a statute of limitations. This being so, the plaintiffs, having been duly served with notice of the proceeding, ought to have appeared in that court and objected, if they desired to avail themselves of the fact that the proceeding was not instituted in time. Having failed to do this, and the judgment rendered therein not being excepted to or reversed, it was binding upon them. The ordinary had jurisdiction of the subject-matter and the parties, and a judgment unreversed would bind all the parties who were before him, although the period of limitation prescribed by this section of the code

had passed. If a person sues another upon a promissory note which is barred upon its face, and the defendant is served with notice and fails to appear and plead, and the court renders judgment against him, he cannot afterwards insist that the judgment is void because the action was barred. When he is in court he must make his defense; if he does not, he cannot afterwards insist that the judgment is void.

The judgment appointing Underwood administrator having been set aside as void, the deed made by him as administrator was also void. "A void judgment is, in legal effect, no judgment. By it no rights are divested; from it no rights can be obtained. Being worthless in itself, all proceedings founded upon it are equally worthless. It neither binds nor bars any one. All acts performed under it and all claims flowing out of it are void." Freeman on Judgments, §117.

The plaintiffs' right to recover depending upon the deed in question, they failed to make out a case entitling them to recover, and there was no error in directing a verdict for the defendants.        *Judgment affirmed.*