## COOPER *v.* O'BRIEN.

A bill of sale to personalty, though attested by two subscribing witnesses, is admissible in evidence upon due proof of its execution by one only of them, without calling or accounting for the other.

August 18, 1896.

Trover. Before Judge Reese. Warren superior court. October term, 1895.

Cooper sued O'Brien to recover a lot of seed-cotton raised by Moss. Plaintiff claimed the cotton under a bill of sale to him from Moss; but upon offering the same in evidence, it was rejected for want of proof of its execution, notwithstanding it appeared by an entry thereon to have been filed for record in the office of the clerk of the superior court. It purported to have been executed in the presence of G. P. Harris and W. H. Harris; and on the back of it was an affidavit of W. H. Harris, that he saw Moss sign this bill of sale, and that he, together with G. P. Harris, both signed as witnesses. This affidavit was dated one day before the date of filing for record. Plaintiff proved by W. H. Harris that he saw Moss sign and deliver the bill of sale to plaintiff, and that he and G. P. Harris signed the same as witnesses; but defendant objected on the ground that the

execution must be proved by all the subscribing witnesses, and the objection was sustained.

*E. P. Davis* for plaintiff.    *J. Whitehead,* for defendant.

Lumpkin, Justice.

The only question in this case is whether or not a bill of sale attested by two subscribing witnesses is admissible in evidence upon due proof of its execution by one only of them, without calling or accounting for the other. The code, §3837, lays down the rule in general terms that the subscribing "witness" must be produced in all cases except in specified instances; and in section 3838 it is declared that if "the witness" is not produced, or, upon being produced, cannot recollect the transaction, the court may hear any other evidence to prove the execution of the instrument. There is another section of the code, viz: §3755, which has some bearing upon the question. It declares that "the testimony of a single witness is generally sufficient to establish a fact." Save in the instance of a will offered for probate in solemn form, we do not now recall any law expressly requiring the production of all the subscribing witnesses, or accounting for their absence, where the instrument sought to be introduced has been attested by more than one. We find that the expressions, "the witness must be called or accounted for," or, "the witnesses must be called or accounted for," have a number of times been indifferently used in former adjudications by this court; but in every instance, so far as we have been able to ascertain by a somewhat careful search, these expressions were used in cases where it appeared that an effort had been made to introduce the instrument in question without calling or accounting for any subscribing witness. It may, therefore, we think, be safely asserted that the identical question in hand has never before been definitely decided by this court; and accordingly, we feel at liberty to dispose of it on general principles.

It may be remarked at the outset that inasmuch as a registered deed, or other document, is admissible in evidence without proof of its execution, and as the affidavit of a single subscribing witness is sufficient to admit such a paper to record (*Green et al.* v. *Glass et al.*, 29 *Ga.* 246; Code, §2707), there would seem to be no good reason for holding that the testimony of one subscribing witness is insufficient to render admissible in evidence an attested instrument which has not been registered. The following authorities seem to establish the proposition that the testimony of a single witness for the purpose indicated will suffice: "If the deed or instrument produced purport to have been attested by one or more witnesses, whose names are subscribed, the party must call at least one of the witnesses; and in cases where the instrument labors under any doubt or suspicion, he ought to call them all." Starkie Ev. (10th ed.) *504. In 1 Gr. Ev. §569, it is stated that the instrument "must be proved by the subscribing witnesses, if there be any, or at least by one of them." See, also, 2 Taylor, Ev. §1839. We extract the following from 1 Am. & Eng. Enc. of Law, 941: "In general, attested writings cannot be proven without producing in court at least one of the attesting witnesses."

In the present case, the plaintiff, who sought to introduce the bill of sale, proved its due execution by one of the subscribing witnesses, and also the fact that its execution was attested by the other subscribing witness. In a very similar case, that of Melcher *v.* Flanders, 40 N. H. 139, it was decided that the testimony of one only of two subscribing witnesses to a deed, to the effect that he and the other subscribing witness were present and saw the execution and subscribed their names as witnesses, was ordinarily sufficient, without calling or accounting for the other witness. Again, in Jackson *v.* Sheldon, 22 Me. 569, it was held not to be necessary to call more than one of two sub-

scribing witnesses in a deed before other testimony in relation to its execution and delivery could be legally admitted.

In *Barron* v. *Walker*, 80 *Ga.* 123, Chief Justice Bleckley remarked that the court erred in admitting in evidence a written assignment purporting to have been attested by two witnesses, "without proof of it by one or both of the subscribing witnesses, and without accounting for their absence." It is evident from this expression that he at least had in mind that the calling of one only of these witnesses might have been sufficient.

On the whole, therefore, we think the trial judge erred in rejecting from evidence the bill of sale offered in the present case.        *Judgment reversed.*