## MALONE *v.* KELLY *et al.*

1. It is not erroneous to reject an amendment offered to the declaration in an action of complaint for land, where such amendment, even if otherwise appropriate and allowable, prays for no relief except the cancellation of a deed made by a third person to the defendant's vendor, and the setting aside of certain judgments, which deed and judgments are relied on by the defendant as establishing his defense, when it appears that the maker of the deed, who was also a party to the proceedings from which such judgments resulted, is not a party to the pending action and is not sought to be made so by the proposed amendment.

2. Though in the trial of such an action the plaintiff, a woman, shows title in her deceased husband, if it also appears that he left children who were her coheirs, and it does not appear how many of such children there were, nor whether they or any of them are still in life, she can not recover either the whole of or any fractional interest in the premises in dispute.

3. Where under the evidence on both sides there could be no lawful recovery by the plaintiff and a verdict was rendered for the defendants, even if the court admitted, in behalf of the latter, evidence illegal and irrelevant and charged erroneously as to its effect, this will not be held cause for a new trial, when it appears that even had such evidence been rejected and such charge not given the result must necessarily have been the same.

Submitted April 17, — Decided May 19, 1897.

Complaint for land. Before Judge Hart. Jasper superior court. March term, 1896.

On December 14, 1891, Mattie Lou Malone brought her action for land against Eden H. Kelly Jr.; her abstract of title being a deed dated Jan. 10, 1872, from Wm. Malone, "as agent of Cader Malone," to John C. Kelly, to certain land which included the land sued for; and a power of attorney, dated Dec. 28, 1869, from Cader Malone and Nancy A. Malone,

his wife, to Wm. Malone, authorizing the latter to sell this land. By amendment the plaintiff alleged: Her deceased husband, John C. Kelly, purchased of Cader Malone and Nancy Malone, of the State of Texas, the tract of land described in the deed annexed to her suit, on the day and date therein stated, and for the consideration therein stated. He paid all the purchase-money for the same, and took possession and made valuable improvements upon the land. Shortly thereafter John C. Kelly died, leaving petitioner and one child as his sole heirs. While in tender years the child died, leaving plaintiff the sole heir of her said husband. She knows but little concerning her husband's business affairs at the time of his death, and absolutely nothing concerning the purchase of said land, except the fact that he had purchased and was in possession, and was exercising acts of ownership over the same. She knew nothing concerning the terms of the purchase of said land, the amount of money paid or to be paid for it, by whom paid nor to whom the deed was made, nor whether any one was interested in said transaction except her said husband, nor what interest any one else had, nor under what arrangements the same was held. She was never informed by her husband of any claim of an interest by Eden H. Kelly Sr., the vendor of defendant, nor was she ever so informed by said Kelly; but from the fact that Eden H. Kelly took possession under a pretended partition of said land, she supposed he had an interest in the same, and she was led to believe he did have; and she knew no better until she learned about four years since that John C. Kelly, her deceased husband, had paid all the purchase-money for the same, and afterwards that the deed to the land was made to him, and that said Eden H. Kelly had not paid any money for the same. Until this she had no knowledge of the fraud practiced upon her by Eden H. Kelly to get possession and control of the part now sued for. Without any interest in said land, and without having paid any money for the same, Eden H. Kelly fraudulently and wrongfully laid claim to one half-interest in the same, and took possession. Jarrett B. Kelly, the father of plaintiff's deceased husband, in the year 1872, after the death of John C. Kelly,

applied for and obtained letters of administration on his estate, and took charge and possession of all his property, effects, deeds and papers, and thereafter plaintiff had no access. to them, nor any opportunity to examine them, but said administrator kept them in his possession. While he was so in possession of the property and effects of her husband, Eden H. Kelly, wrongfully and fraudulently representing to him that he had paid one half of the purchase-money for said land, and that he was a joint contractor for the same with John C. Kelly and became and was a tenant in common with him at the time of his death, made an application for a writ of partition, making Jarrett B. Kelly a party defendant thereto, and giving him notice of the same. Plaintiff nor any one authorized by her was made a party to the intention of said Eden H. Kelly to apply for said partition, and was not and never became a party to the proceedings nor any part or branch of the same, but was in total ignorance of said proceedings and of said partition and all other proceedings between Eden H. Kelly and Jarrett B. Kelly, administrator. She charges, that Jarrett B. Kelly was deceived by the wrongful and fraudulent representations of said Eden H. Kelly, and was induced, by a mistake thus caused, not to defend the title of his intestate to said land, and to permit without resistance the writ of partition to be passed and the land to be thus divided and taken from the estate in his hands; that the whole of said proceedings and the judgment of the court thereon entered were fraudulent and void, as was also the judgment and award of the arbitrators in said case. The proceedings herein referred to were had in the year 1872, and appear on the minutes of the court. In accordance with the decree of the commissioners, a deed was made and executed to said land by Jarrett B. Kelly, as administrator, to Eden H. Kelly and John C. Kelly, who was then dead, the original of which deed was never recorded until the commencement of the suit, and plaintiff had no knowledge of the same. She submits that said deed was also void for fraud, and prays that the same may be delivered into court and canceled as such, and the cloud thus placed upon her title to said land be

removed. She charges that the whole of said proceedings were fraudulent and were the result of fraudulent representations of said Eden H. Kelly Sr., the vendor of defendant; and the defendant had knowledge of the same at the time he purchased said land. Plaintiff therefore prays that the whole of said proceedings shall be declared void; and that upon proof of title to said land as the sole heir of her husband, she may have judgment for the recovery of the same, and that a writ of possession do issue in her behalf.

Subsequently, C. H. Kelly was made a party defendant, as administrator of Eden S. Kelly; the last named having been served, and afterwards dying.

Upon the trial of the case, the amendment before set out was stricken on motion, and the plaintiff excepted.

The plaintiff offered in evidence the deed dated Jan. 10, 1872, from Wm. Malone, "as agent of Cader Malone," to John C. Kelly, and the power of attorney to Wm. Malone before referred to; and after introducing a witness to locate the land and prove possession, etc., closed her case. The defendants introduced a submission to arbitration, dated June 11, 1872, and signed: Jarrett B. Kelly, Eden H. Kelly, Cader Malone, Nancy Malone, by William Malone, attorney "in part"; which stated that the deed to the land in dispute was made to John C. Kelly by William Malone as attorney in fact for Cader and Nancy Malone, Jan. 10, 1872, that John C. Kelly died in February, 1872, and Jarrett B. Kelly was appointed as his administrator; and afterwards Eden H. Kelly claimed that he had paid half of the purchase-money of the land, while the deed had been made to John C., and that John C. had rented the land and had taken a note payable alone to himself for $200, and half of it was claimed by Eden H. Kelly, and that Eden Kelly of the one part and Jarrett B. Kelly, administrator of John C. Kelly, of the other part, thereby submitted and referred these matters to the arbitrament and award of certain persons therein named as arbitrators. Also, a finding of the arbitrators, that Eden H. Kelly had paid one half of the purchase-money of the land (one half of $2,300); that the land was purchased by both Eden

H. Kelly and John C. Kelly; that the making of the deed to John C. Kelly alone was a mistake, and when the money was paid it was the understanding that the deed was to be made to Eden H. Kelly and John C. Kelly jointly; that the failure to correct it was on account of the sudden death of John C. Kelly; that Eden H. Kelly and John C. Kelly were tenants in common; and that the deed made by William Malone, attorney in fact of Cader and Nancy Malone, to John C. Kelly, be "corrected and substituted" by a new deed to be this day executed by said Cader and Nancy Malone, conveying said land to Jarrett B. Kelly as the administrator of John C. Kelly, and Eden H. Kelly, as tenants in common, each of said parties being entitled to an undivided half-interest in said land; and that said deed and power of attorney be a part of the award and entered upon the minutes of the court as muniment of title; and that one half of the net rent for the year 1872 go to Eden H. Kelly. Upon the award was an acknowledgment of service and waiver of copy, signed: Eden H. Kelly, Jarrett B. Kelly, administrator of John C. Kelly. Also a judgment by the superior court of Jasper county at August term, 1872, directing that the submission and award be entered upon the minutes of the court and be made the judgment thereof. Also, a deed dated June 11, 1872, signed Cader and Nancy Malone, by William Malone attorney in fact, reciting the finding of the arbitrators, and conveying the land in dispute to Eden H. Kelly, and Jarrett B. Kelly, administrator of John C. Kelly, as tenants in common, in pursuance of the award. Also a record of partition proceedings, showing a partition of the land between Eden H. Kelly and Jarrett B. Kelly, administrator of John C. Kelly, by partitioners under an order of the superior court, and that the return of the partitioners was made the judgment of the court at the February term, 1873. The return of the partitioners recites that William Malone represented the plaintiff.

William Malone testified that the plaintiff was not a party to any of the foregoing proceedings, and never at any time authorized the witness to act for her as her agent in any of the matters relating to the arbitration, the partition, or otherwise.

The plaintiff testified to the same effect, and that she had no notice of the arbitration.    It was admitted that Jarrett B. Kelly was the administrator of J. C. Kelly and guardian for his minor children, and was dismissed as such.

There was a verdict for the defendants.    The plaintiff made a motion for a new trial, which was overruled, and she excepted.    The motion alleges that the verdict is contrary to law and evidence; and that the court erred:

In admitting as evidence an award made by arbitrators upon the submission of Jarrett B. Kelly, as the administrator of the plaintiff's husband, J. C. Kelly, on the one part, and the defendant Eden H. Kelly, "the real claimant defendant," on the other part, and the judgment on said award; "plaintiff contending that said submission and award being without the knowledge and consent of the plaintiff, and to which proceeding she was not made a party, and of which she had no notice, and all this over the objection of plaintiff's counsel."

In ruling that the award and the judgment aforesaid divested the title of plaintiff to the premises in dispute, and fixed the title in Eden H. Kelly; plaintiff insisting that the evidence shows that John C. Kelly died seized and possessed of said property, which he held under a valid deed, properly recorded, and which was in evidence; and further showing, and it not being contradicted or questioned, that John C. Kelly paid every dollar of the purchase-money for the land and that Eden H. Kelly paid none; and further showing that the plaintiff was in total ignorance of the fact until nearly twenty years afterwards, when she filed her said suit for the recovery of the land, and that she was ignorant of the fraud which the defendant committed in obtaining said award.

In admitting, over objection of plaintiff's counsel, the proceedings to partition the land under the judgment based upon the award, plaintiff insisting that she was not a party thereto, nor authorizing any one to act for her in the premises, and having no notice of the proceedings.

In charging the jury as follows: "If you believe there was a submission to arbitration between Jarrett B. Kelly as administrator of John C. Kelly, and Eden H. Kelly, and as a result

of said submission an award was found and made the judgment of the court, finding that the title to this property was in Eden H., then I charge you that Mrs. Malone, who claims under John C. Kelly, would be bound by such award, and you should find in favor of the defendant."

*J. W. Preston*, for plaintiff.

*F. Jordan* and *J. D. Kilpatrick*, for defendants.

FISH, J.    Mrs. Malone brought an action of complaint for land against Eden H. Kelly Jr.    Pending the suit Eden S. Kelly was made a party defendant, and upon his death C. H. Kelly, his administrator, was made a party.    Upon the trial of the case there was a verdict for the defendants; and upon plaintiff's motion for a new trial being overruled, she excepted.    To the petition plaintiff filed an amendment, which is set out in the reporter's statement.    The amendment was dismissed upon demurrer, and exceptions pendente lite filed by the plaintiff; and one of the rulings that we are to pass upon is the dismissal of this amendment.    The only relief prayed for in the amendment was the cancellation of the deed which the amendment alleges Jarrett B. Kelly, as administrator of John C. Kelly made to Eden H. Kelly Sr., the vendor of Eden H. Kelly, Jr.; and the setting aside of two judgments of the superior court, one founded upon the award of the arbitrators in the matter submitted by Jarrett B. Kelly, administrator of John C. Kelly, and Eden H. Kelly Sr., and the other upon the report of the commissioners in the partition proceedings between the same parties, which judgments were relied on by the defendant, Eden H. Kelly Jr., as establishing his defense.    Jarrett B. Kelly who, as administrator, the amendment alleges executed the deed which it attacks, and who was also a party to both of the judgments sought to be set aside, was not a party to this suit, nor is it clear that Eden H. Kelly Sr. was a party thereto.    Therefore, if the amendment had been otherwise appropriate and allowable, there was no error in rejecting it.    This is true for the reason that Jarrett B. Kelly was not a party to the action, and was not sought to be made one by the proposed amendment.    The court could not undertake to cancel a written instrument conveying title

to property, without having before it all the parties to be affected by the proposed cancellation. The judgments which are attacked in the amendment must be taken and held as valid until set aside, and they can not be set aside without making proper parties. Civil Code, §§ 5367, 5368.

The following appears in the record: "It is admitted that Jarrett B. Kelly was the administrator of J. C. Kelly and guardian of his minor children, and was duly dismissed as such." These children being coheirs with the plaintiff, and it nowhere appearing how many of such children there were, nor whether they or any of them are in life, the plaintiff could not recover the whole of, nor any fractional interest in, the premises in dispute, even if she showed title in her husband. She could not recover the whole of the land, unless she proved that she was the sole heir at law of her husband; and if she was not the sole heir at law, she could not recover any fractional interest, unless she proved what the amount of such interest was, by showing the number of the heirs at law.

Where, therefore, under the evidence there could be no lawful recovery by the plaintiff, and a verdict was rendered for the defendants, even if the court admitted, in behalf of the latter, evidence illegal and irrelevant and charged erroneously as to its effect, this will not be held cause for a new trial, when it appears that even had such evidence been rejected and such charge not given the result must necessarily have been the same.

*Judgment affirmed. All the Justices concurring.*