### 6512. CAREY, trustee, *v.* WYATT.

BROYLES, J. The judge of the city court did not err in vacating and setting aside that portion of the judgment which included attorney's fees, it appearing undisputed in the record that the statutory notice of intention to include ten per cent. for attorney's fees, as required by section 4252 of the Civil Code, failed to state the name of the holder of the note; and, this not being an amendable defect, that portion of the judgment was absolutely void and rendered the judgment open to attack, under section 5957 of the Civil Code. *Baskins* v. *Valdosta Bank,* 5 *Ga. App.* 600 (4), 601 (63 S. E. 648); *Edenfield* v. *Bank of Millen,* 7 *Ga. App.* 645 (3), 648 (67 S. E. 896); *Gelders* v. *Kennedy,* 9 *Ga. App.* 389, 390 (71 S. E. 503). The proceeding to set aside the judgment was not too late, as it was brought within three years from the rendition of the same. See Civil Code, § 4358.      *Judgment affirmed.*

         DECIDED JANUARY 21, 1916.

Motion to set aside judgment; from city court of Floyd county —Judge Reece. April 1, 1915.

*Nathan Harris, C. I. Carey,* for plaintiff in error.

*Denny & Wright,* contra.