## LAND DEVELOPMENT CORPORATION *v.* UNION TRUST COMPANY OF MARYLAND, trustee, *et al.*

No. 10527.   JULY 10, 1935.

*Roy Lewis* and *Burress & Dillard,* for plaintiff.

*Jones, Powers & Williams,* for defendants.

HUTCHESON, Justice.   The Land Development Corporation filed its petition in the nature of a bill quia timet, and for cancellation, against Union Trust Company of Maryland, Mortgage Security Corporation of America, Greyling Realty Corporation, and L. P. Baker, in which it prayed that a certain loan deed be canceled, and that the defendants be enjoined from foreclosing such loan deed

under and by virtue of any authority contained in any instrument or deed executed prior to when it acquired its title to the realty involved. The plaintiff contended that on June 2, 1932, it purchased from Baker a certain parcel of land, paying therefor $21,000, and thereupon received from Baker a warranty deed which was duly recorded; that thereafter and immediately upon the execution of such deed plaintiff went into possession of the land conveyed, and has been since that time in possession thereof; that no person has at any time asserted any title adverse to plaintiff or questioned its right of possession; that when and before it received such deed there appeared of record in the office of the clerk of Fulton superior court nothing of any kind or description to indicate or put plaintiff on notice that the defendant Union Trust Company of Maryland, or any of the other corporate defendants, had any interest to said premises; that plaintiff, before purchasing said premises, employed a skilled abstractor to run the title thereto, and he reported that Baker had a right to sell the same to plaintiff, and no lien or right of any of the defendants to said premises appeared from the public records of said county; that thereafter there came on for trial in said court the case of Baker against the Mortgage Security Corporation of America, Union Trust Company of Maryland, Atlanta Trust Company as trustees, Greyling Realty Corporation, National Surety Company, Louis Barber, and Kirk; and after the introduction of evidence the judge directed a verdict for the defendants and against Baker, upon which a decree was entered, authorizing the defendants to proceed with the foreclosure of the loan deed and setting aside said judgment of cancellation; that although this plaintiff was the holder of the fee-simple title to the premises involved, it was not made a party to said proceeding to set aside said decree theretofore rendered, and received no notice thereof; that this verdict and decree constitutes a cloud upon the title to said premises as to the plaintiff; that the defendants are threatening and will immediately proceed with the foreclosure of the loan deed on plaintiff's property; that Baker is insolvent and can not respond in damages for any breach of warranty; and that plaintiff, being the purchaser in good faith and for a valuable consideration, without notice of record of any loan deed encumbering the premises, is now remediless at law.

It appeared that prior to the time when plaintiff purchased the

realty from Baker it was encumbered with a loan deed in favor of the Union Trust Company of Maryland, a non-resident corporation, which attempted to foreclose that deed under the power of sale therein contained, by trustees therein designated; that Baker instituted an injunction proceeding and restrained the foreclosure; that the grantee in the loan deed was not made a party to that proceeding; that there was no prayer for cancellation of the loan deed in the injunction suit, and no allegation on which to base a cancellation thereof; that the petition prayed that the trustees be enjoined from proceeding with the foreclosure, and that any deeds made in pursuance of the foreclosure be canceled; and no appearances being made in that proceeding, and no answer or plea filed, a decree was entered which enjoined the defendants from proceeding with the foreclosure of the loan deed, which decree further ordered that the loan deed be marked canceled and satisfied; and that during the term of court at which this decree was rendered a proceeding was brought to set the decree aside in so far as it canceled the loan deed, on the ground that the decree was void to that extent.   Between the time the decree was entered and the proceeding to set it aside was instituted, the plaintiff in the present action, Land Development Corporation, purchased the premises involved by warranty deed from Baker, the grantor in the loan deed, for a valuable consideration.   At that time the loan deed appeared canceled of record, and Baker appeared to have a clear title to the premises.   The plaintiff in the present action was not made a party to the action to set aside the decree in so far as it canceled such loan deed, although the warranty deed under which plaintiff claims title was of record.   Such decree was ordered set aside in so far as it canceled said loan deed, and the grantee was allowed to proceed with the foreclosure.   This action is brought to restrain the foreclosure, and to set aside the loan deed as to the plaintiff, a bona fide purchaser of the premises for value at a time when the loan deed was canceled of record, and not a party to the proceeding to set aside the decree of cancellation.   Upon the trial, the foregoing facts appearing, a verdict was directed against the plaintiff in so far as the loan deed was concerned.   It excepted to the overruling of its motion for new trial.

■ A decree entered in an equitable proceeding brought to enjoin foreclosure of a loan deed encumbering the premises in con-

troversy, under the power of sale contained therein, upon the grounds that the trustees named and appointed in the loan deed were proceeding illegally with such foreclosure, to which proceeding one of the trustees named as grantees in the loan deed, a nonresident corporation, was not a party, ordering such loan deed canceled and marked canceled and satisfied of record, is void and without any force and effect, there being no prayer in the petition asking for such relief and no allegation in the petition on which to base the same, such not being the apparent purpose and theory of the proceeding as sued out and prosecuted. In this connection we quote paragraph 14 of the petition, which is the only paragraph remotely suggesting such cancellation: "Petitioner alleges that he has recently discovered a further cloud on the title of his property, which is an addition to the record in the clerk's office of the superior court of Fulton County, shown in deed book 947, page 593, the following instrument of writing with a pen and ink below the typewritten record loan deed, to wit: 'so far as they shall be adequate therefor, it being understood that principal notes (first series) in the aggregate sum of $11,000.00 will not be retired thereby.' That said addition has recently been made to the record against petitioner's title to said property, and creates a further cloud on petitioner's title to said property, and should not have been added to said deed. That said clause did not appear on the deed signed by petitioner, and it does not state the truth." There is also a prayer for general relief; but a prayer for relief generally, based on the petition, including the above quoted paragraph, is not sufficient to support or authorize a cancellation of the instrument. Code of 1933, § 110-704; *O'Connor* v. *Brucker,* 117 *Ga.* 451 (43 S. E. 731).

■ Even though the premises in controversy were thereafter, while the loan deed appeared canceled of record, conveyed by warranty deed for a valuable consideration to the plaintiff, who had no knowledge of the nullity of such decree of cancellation and satisfaction, which was marked across the face of the record of such loan deed, save such as an examination of the proceeding in which the same was entered would reveal, such void judgment and decree would not avail the plaintiff as against the grantee in the loan deed, and did not operate to vest in the plaintiff any title or right as a bona fide purchaser, and he took subject to the right of the grantee

in the loan deed to foreclose the same as provided therein, unless the loan represented thereby was paid. *Jowers* v. *Kirkpatrick Hardware Co.,* 21 *Ga. App.* 751 (2) (94 S. E. 1044) ; *Stewart* v. *Golden,* 98 *Ga.* 479 (25 S. E. 528) ; *Luther* v. *Clay,* 100 *Ga.* 236 (28 S. E. 46, 39 L. R. A. 95) ; *Malone* v. *Kelly,* 101 *Ga.* 194 (28 S. E. 689) ; *Hodges* v. *Stuart Lumber Co.,* 140 *Ga.* 569 (79 S. E. 462). And even if no notice was given of the motion in arrest of judgment, complained of by the plaintiff, we are of the opinion that he would be bound by the doctrine of lis pendens. It is well settled that all judgments and decrees of court are "within the breast of the court" until the term of court has ended. "While it is held by some authorities that an action or suit no longer constitutes lis pendens after final judgment or decree, although the judgment may be subject to be opened or vacated, even where the purchase is after the institution of proceedings to reopen the judgment, the rule which is supported by the apparent weight of authority is that lis pendens does not necessarily terminate upon rendition of the judgment, but may be continued for a reasonable time thereafter in which to pursue a remedy to set it aside, and that the time for this must depend upon the facts of the particular case. So it has been held that one who purchases from a party after final judgment takes subject to the inherent control of the court over its judgments pending the term during which they are entered, and that the action or suit continues as lis pendens until the end of that term." 38 C. J. 43, § 73. See also *Bennett* v. *Stokey,* 164 *Ga.* 694 (139 S. E. 346) ; *Bridger* v. *Exchange Bank,* 126 *Ga.* 821 (6) (56 S. E. 97, 8 L. R. A. (N. S.) 463, 115 Am. St. R. 118). The contention that a decree can not be arrested in part is without merit. *Love* v. *National Life Insurance Co.,* 157 *Ga.* 259, 270 (121 S. E. 648) ; *Carey* v. *Wyatt,* 17 *Ga. App.* 517 (87 S. E. 770).

■ The defendants in the equitable proceeding properly filed a petition, during the term at which such void decree was entered, to arrest and set aside the same in so far as it canceled and satisfied such loan deed; and the order of the judge before whom the issue was heard (after issuance of a rule nisi calling upon the petitioner in that proceeding to show cause why such decree should not be arrested and set aside), arresting and setting said judgment and decree aside in so far as it canceled and satisfied such loan

deed, was not erroneous because the plaintiff herein, who had become the holder of the legal title to the premises by warranty deed which had been duly recorded, was not made a party to the proceeding to arrest the judgment and decree and was given no notice of the pendency thereof. Code of 1910, §§ 5957, 5959, 5965; *O'Connor* v. *Brucker,* supra.; *VanDyke* v. *Besser,* 35 *Ga.* 173; *Lucas* v. *Lucas,* 30 *Ga.* 191 (76 Am. D. 642) ; *Mobley* v. *Mobley,* 9 *Ga.* 247. It is sufficient if the opposite party to the controversy wherein the judgment and decree were obtained is given notice of the motion to arrest. Civil Code of 1910, § 5962; *Malone* v. *Kelly,* supra.

■ In this case the Union Trust Company of Maryland was named as codefendant with several others, but was never served in proper manner. Where one is not a party to a suit, it can not be bound by the judgment therein rendered. *Hodges* v. *Stuart Lumber Co.,* supra. In many cases it has been held that where an equitable petition for cancellation of a deed is filed, all parties to the deed are necessarily parties defendant. "The court could not undertake to cancel a written instrument conveying title to property without having before it all parties to be affected by the proposed cancellation." *Malone* v. *Kelly,* supra. "Trustees constitute but one person in law, and, like executors, etc., must join in a suit concerning their trust. Similarly where several trustees hold property jointly, all are ordinarily necessary parties to an action concerning it." 65 C. J., 872, § 763. And we do not think this rule is changed by a specific clause in an instrument, unless the same be specific, concise, and dealing with the particular point under discussion.

■ The plaintiff filed its bill quia timet against the grantee in the loan deed and others, to enjoin foreclosure of the loan deed, and to quiet the title to said premises conveyed to him by warranty deed by the grantor in the loan deed at a time when the same appeared canceled and satisfied of record, and to remove the clouds from his title to said premises, alleging that by reason of his having purchased said premises in good faith for a valuable consideration from the grantor in the loan deed, free of all liens and encumbrances, he acquired a good fee-simple title thereto as against the grantee in the loan deed and as against the world. Under the rulings heretofore made, the judge did not err in directing a verdict for the defendants, holding that such decree was void and that

the plaintiff acquired no rights thereby. Code of 1910, §§ 5465, 5466; *Stewart* v. *Golden*, and *Luther* v. *Clay*, supra.

■ An amendment offered by the plaintiff on May 30, 1934, after the rendition of the verdict against it on May 25, 1934, was properly disallowed as coming too late. *Real Estate Bank &c. Co.* v. *Baldwin Locomotive Works*, 145 *Ga.* 105 (88 S. E. 584); *Southern Mutual Insurance Co.* v. *Turnley*, 100 *Ga.* 296 (7), 302 (27 S. E. 975); *Cureton* v. *Cureton*, 120 *Ga.* 559 (48 S. E. 162); *City of Columbus* v. *Anglin*, 120 *Ga.* 785 (48 S. E. 318); *Ga. Motors Inc.* v. *Wade*, 37 *Ga. App.* 24 (138 S. E. 797). The judge properly overruled the plaintiff's motion for a new trial, assigning error upon the direction of a verdict against the plaintiff, the effect of which was that plaintiff took title to the premises subject to the loan deed.

*Judgment affirmed. All the Justices concur, except Gilbert, J., absent.*