39809. COZZORT v. CUNNINGHAM.

FRANKUM, Judge. 1. "A former recovery, or the pendency of a former suit for the same cause of action, between the same parties, in the same or any other court that has jurisdiction, shall be a good cause of abatement; but if the first action is so defective that no recovery can possibly be had, the pendency of a former suit shall not abate the action." *Code* § 3-607. Thus, where one with actual knowledge and notice of the facts, having two or more inconsistent remedies against a defendant chooses one of such alternative remedies by filing suit in pursuit thereof, such choice operates as a final and absolute bar to the pursuit of any other remedy. *Land v. Hall*, 46 Ga. App. 404 (1) (167 SE 711). "However, though the election of one of two inconsistent remedies may be treated as a waiver of any rights under the other, a person who prosecutes an action based upon a remedial right which he supposes he has but in fact does not possess is not thereby precluded from asserting his real rights in a subsequent action." *Puett v. Edwards*, 17 Ga. App. 645 (1) (88 SE 36). Before one can be held to have elected a remedy so as to be barred from enforcing an inconsistent remedy it must be shown that the remedy previously pursued was one of substance in a court having jurisdiction of the subject matter and which if prosecuted to a conclusion would have resulted in an adjudication of the plaintiff's rights in the matter on their merits. *Hawthorne v. Pope*, 51 Ga. App. 498, 500 (1) (180 SE 920).

2. The proceeding in this case was a direct action brought in the Court of Ordinary of Cobb County seeking to have that court set aside a previous order admitting to probate a purported will and further seeking to revoke and have declared null and void the issuance by the court of ordinary of letters testamentary to the defendant under the provisions of the said purported will. To this petition the defendant filed a plea in bar on the ground that when the plaintiff filed this action, he had pending in the Superior Court of Cobb County a suit sounding in tort between the same parties, involving the same cause of action, and seeking damages on account of the alleged misappropriation by the defendant of the properties of the estate of the deceased by virtue of the defendant's taking said properties under the purported will. The tort

action alleged and contended that the defendant perpetrated a fraud upon the court of ordinary in probating the said purported will and further contended that the said purported will was not the last will and testament of the decedent but that decedent left a later will and testament by which plaintiff would have taken one-half of the estate. Properly construed the suit sought to be set up as a bar to the instant proceeding was a suit at law in the superior court to set aside and nullify the probate in solemn form of an instrument propounded by the defendant as the last will of the decedent. Such suit raised the issue, with respect to the purported will, of devisavit vel non and " a party can not challenge the probate upon any ground relating to that issue except in . . . [a] court of ordinary." *Benton v. Turk*, 188 Ga. 710, 723 (2) (4 SE2d 580). Thus the suit sought to be interposed as a bar to the present action was a nullity since no recovery could have been had thereon, and the trial court did not err in overruling the plea in bar.

3. It is fundamental that a person having the right to dispose of his property by will may, during his lifetime while he retains testamentary capacity, change, modify or completely revoke a previously executed will and substitute therefor a new and completely different plan for the disposition of his property. It follows that only those instruments which represent the last expression of decedent's will as to the disposition of his property may be properly admitted to probate. The petition in this case was a direct attack on a previous judgment of the Court of Ordinary of Cobb County which admitted to probate in solemn form an instrument propounded by the defendant as the last will and testament of the decedent. The petition alleges that the instrument thus propounded and admitted to probate was in fact not the last will and testament of the decedent; that the defendant knew it was not the last will and testament and that in propounding the instrument the defendant perpetrated a fraud upon the court of ordinary in that in offering for probate the said purported will the defendant alleged under oath that it was the last will and testament of the decedent, which fact was necessary to give the court of ordinary jurisdiction to probate the particular instrument; that this allegation was false and known to be so by the defendant; that the fraud of the defendant in

procuring such judgment was actual and done with knowledge and not merely constructive fraud committed in ignorance of the true facts, and that this conduct deprived the plaintiff of a beneficial interest in the property of the decedent devised to him by the terms of the decedent's last will and testament. As against a general demurrer the petition, having been filed within less than three years from the date of the judgment sought to be set aside, stated a cause of action to have the judgment of the court of ordinary probating the purported will in solemn form set aside as prayed in the petition, and the ordinary did not err in overruling the general demurrer to the petition, and the judge of the superior court did not err in entering a like judgment. See *Stewart v. Golden*, 98 Ga. 479 (25 SE 528).

*Judgment affirmed. Nichols, P. J., and Jordan, J., concur.*

DECIDED JANUARY 9, 1963—REHEARING DENIED FEBRUARY 8, 1963.

*Russell A. Ford, Sr.,* for plaintiff in error.
*Hicks & Howard, G. Robert Howard,* contra.