### 40725. CUNNINGHAM v. COZZORT.

DECIDED MAY 28, 1964—REHEARING DENIED JUNE 15, 1964.

*Hicks & Howard, G. Robert Howard,* for plaintiff in error.

*Russell A. Ford, Sr., Allen, Duncan & Ford, Vernon Duncan,* contra.

NICHOLS, Presiding Judge. 1. Special ground numbered 13 of the defendant's amended motion for new trial complains of the admission into evidence of the will allegedly executed by the deceased on August 11, 1959, after the will which was allegedly executed on January 15, 1958, which will was probated by the defendant. The objection to such evidence was that the will dated August 11, 1959 was not proved to the extent necessary to probate it in solemn form in that the necessary witnesses were not produced.

One of the subscribing witnesses to such will testified as to its execution and that he and the other witnesses shown on such will did witness its execution by the deceased. Under the decision of the Supreme Court in *Cooper v. O'Brien,* 98 Ga. 773, 774 (26 SE 470), and cases there cited, this testimony by one of the subscribing witnesses was sufficient to authorize the admission of the alleged will dated August 11, 1959, into evidence. Moreover, the testimony of such witness would have authorized the probate of such will in common form. See *Code Ann.* § 113-601. The judgment granting a new trial because such will was admitted into evidence over the defendant's objection was error since the issue as to whether the second will is entitled to be probated in solemn form must be decided when offered for probate, and could not be decided in the present action where the question was whether: "the instrument thus propounded and admitted to probate was in fact not the last will and testament

818

of the decedent; that the defendant knew it was not the last will and testament of the decedent and that in propounding the instrument the defendant perpetrated a fraud upon the court of ordinary in that in offering for probate the said purported will the defendant alleged under oath that it was the last will and testament of the decedent, which fact was necessary to give the court of ordinary jurisdiction to probate the particular instrument; that this allegation was false and known to be so by the defendant; that the fraud of the defendant in procuring such judgment was actual and done with knowledge and not merely constructive fraud committed in ignorance of the true facts, and that this conduct deprived the plaintiff of a beneficial interest in the property of the decedent devised to him by the terms of the decedent's last will and testament." *Cozzort v. Cunningham*, 107 Ga. App. 320, 321, supra.

2. With the second will properly introduced into evidence, and the testimony of the defendant that he knew of the existence of such purported will at the time he offered the first will for probate, the verdict directed by the trial court was demanded by the evidence. The other grounds of the defendant's motion for new trial, on which the new trial was granted, whether meritorious or not would not change such result, and the judgment granting the defendant's motion for new trial must be reversed.

*Judgment reversed. Hall and Russell, JJ., concur.*