### 56684. MATHEWS v. FIDELCOR MORTGAGE CORPORATION.

BIRDSONG, Judge.

Appellant Mathews brings this appeal from the grant of a writ of possession to appellee Fidelcor Mortgage Corp. Stated as simply as possible, the facts show that Mathews borrowed money from Local Mortgage Company, Fidelcor's earlier corporate name, and pledged his home in Forest Park as security. Mathews apparently failed to pay any installments on the indebtedness from August, 1976, until June, 1977, when Fidelcor foreclosed on the property. There being no bidders, Fidelcor purchased the property for $15,000, an amount allegedly just sufficient to off-set the indebtedness and costs such as advertising and attorney fees. The original indebtedness was shown to be $12,422.54. After the foreclosure, Mathews became a tenant at sufferance. For 15 months, Fidelcor sought possession of the premises from Mathews and when he declined to deliver possession, Fidelcor brought a writ of possession against Mathews as a tenant holding over. Mathews filed an answer, denying each allegation of the writ and brought a cross action seeking the difference between the $15,000 paid by Fidelcor for the property and the $12,422.54 indebtedness. The trial court set the case for a non-jury trial. Pending trial the

trial court issued an order compelling Mathews to pay $100 per month into the registry of the court as rental. Mathews enumerates as error the grant of the writ of possession, the order requiring him to pay $100 per month into the registry of the court, and the asserted failure of the trial court to consider or grant his cross claim. *Held:*

1. This record does not contain any evidence of a complaint by Mathews that the foreclosure exercised by Fidelcor was irregular; thus the regularity or legality of that proceeding is not before us. Neither does Mathews assert that he was other than a tenant at sufferance following the foreclosure. The record further discloses that Fidelcor and Mathews were at issue as to the right of possession of the property and that immediate settlement was not likely. Under such circumstances, Ga. L. 1970, pp. 968, 970 (Code Ann. § 61-304) authorizes the trial court to require the tenant in possession to make rental payments if he desires to remain in possession of the premises pending the final outcome of the litigation. *Mountain Hardwoods &c., Inc. v. Coosa River Sawmill Co.,* 233 Ga. 414 (211 SE2d 712). The trial court did not err in requiring reasonable rental to be paid into the registry of the court pending the outcome of the litigation. *Bible v. Allday,* 93 Ga. App. 231 (2) (91 SE2d 306).

2. Inasmuch as Mathews was a tenant at sufferance, Fidelcor had an unqualified right to seek possession of its property, especially in view of Mathews' refusal to surrender possession or to pay reasonable rental. *Bible v. Allday,* supra. It appears that a hearing was held before the trial court on July 17, 1978, with appearances by both plaintiff and defendant and presentation of evidence on the issue. No transcript was prepared of that hearing. It was asserted however, without contradiction, that appellant Mathews paid no rental as required by the earlier order of the court.

Subparagraph (c) of Code Ann. § 61-304 authorizes the trial court to issue a writ of possession to the owner and place the owner in possession if the tenant fails to pay the rental directed by the court. In the absence of a transcript, we will presume that the trial court's action in issuing the writ of possession was founded in fact and law. *Jackson v. Jackson,* 235 Ga. 656 (221 SE2d 427);

*Chapman v. Conner,* 138 Ga. App. 518 (226 SE2d 625). For the same reasons, we find without merit appellant's contention that the trial court did not consider his counterclaim. In the absence of a transcript, we will not speculate or conclude that the trial court granted the writ of possession while there remained issues for disposition on the counterclaim. Appellant concedes that the trial court in effect dismissed the counterclaim. This clearly implies that the trial court resolved the factual issues between the parties as a predicate to the issuance of the writ of possession. We find no merit in this contention.

*Judgment affirmed. Bell, C. J., and Shulman, J., concur.*

SUBMITTED OCTOBER 10, 1978 — DECIDED OCTOBER 30, 1978 — REHEARING DENIED DECEMBER 1, 1978 —

*Oze R. Horton,* for appellant.
*Beth Lanier,* for appellee.