A92A0784. SNOW'S FARMING ENTERPRISES, INC. v. CARVER STATE BANK.
(426 SE2d 158)

COOPER, Judge.

In 1981, appellee sold property to appellant in return for a promissory note and deed to secure debt executed by appellant. Appellee reacquired the property in 1983 through foreclosure when appellant defaulted on the loan. On September 11, 1991, appellant filed an action for breach of contract against appellee based on an alleged failure of appellee to structure repayment of the debt on an installment basis in accordance with certain stipulated terms of the loan. Appellant sought damages and the conveyance of the property to appellant. Appellant also filed a notice of lis pendens against the property. Thereafter appellee petitioned the trial court for a temporary restraining order to restrain appellant's attempts to interfere with the sale of the property by appellee to a third party, and on September 26, 1991, the trial court granted appellee's prayer for relief. Then on October 11, 1991, appellant amended its complaint to allege fraud based on the alleged breach of contract and foreclosure. On October 24, 1991, appellee filed motions for summary judgment and cancellation of the notice of lis pendens and subsequently also sought an interlocutory injunction to prevent appellant from further interfering with its possession of the property. Appellee moved the court for ex-

pedited rulings on the various motions, and appellant was ordered to respond to the motions within ten days of November 5, 1991. After a hearing on November 25, 1991, the trial court granted appellee's motions. The court concluded that appellant's cause of action was barred by the six-year statute of limitation applicable to breach of contract actions. Appellant subsequently moved to set aside the court's orders contending that because appellee's counsel failed to timely serve the motion for summary judgment, appellant was not afforded 30 days within which to respond to the motion. This appeal followed.

1. In its first enumeration of error appellant contends the trial court erred in granting the September 26, 1991, temporary restraining order. Appeals from orders granting temporary restraining orders must be taken under the provisions of OCGA § 5-6-35 (d), which requires that an application be made to this court within 30 days of the entry of the order. See OCGA § 5-6-35 (a) (9). No application for review was filed with the court; therefore, we are without jurisdiction to consider this enumeration. See *Fabe v. Floyd*, 199 Ga. App. 322 (1) (405 SE2d 265) (1991).

2. Appellant contends the order granting summary judgment should have been set aside because appellant was not given proper time to respond. However, the record does not reflect that appellant objected to the court's expedited consideration of the motion for summary judgment. See *Smith v. National Bank of Ga.*, 182 Ga. App. 55 (1) (354 SE2d 678) (1987). Nor does the record contain an order evidencing a ruling by the court on appellant's motion to set aside. Therefore, appellant has failed to show that the court *erred* in failing to set aside the grant of summary judgment. "When a party fails to show error affirmatively by the record, the trial court's action is assumed to be correct. [Cit.]" *Wilson v. Norfolk Southern Corp.*, 200 Ga. App. 523 (5b) (409 SE2d 84) (1991). Furthermore, in granting appellee's motion for summary judgment, the trial court correctly determined that appellant's cause of action for breach of contract was barred by OCGA § 9-3-24, having been brought eight years after the alleged breach. Moreover, appellant's fraud claim is likewise barred because it was not brought within four years of the discovery of the alleged fraudulent acts. See OCGA §§ 9-3-26 and 9-3-96.

3. Appellant next argues that the cancellation of its notice of lis pendens before completion of the appeal from the grant of summary judgment violated an unspecified constitutional right. However, OCGA § 44-14-612 required the removal of the lis pendens upon entry of order granting summary judgment to appellee. This enumeration is without merit.

4. Following the entry of the order granting summary judgment, appellant filed a pleading captioned "Notice of Appeal" in which appellant "appeals to the Superior Court of Chatham County, Georgia

for a Trial by Jury the Order on Defendant Carver State Bank's Motion for Summary Judgment dated November 25, 1991 and the order on Defendant Carver State Bank's Motion Cancel Notice of Lis Pendens dated November 25, 1991." On appeal to this court, appellant maintains that pursuant to OCGA § 9-11-38, its appeal to the superior court for a jury trial should have been granted because appellant was dissatisfied with the trial court's rulings and had the right to a jury trial. Appellant's reliance on OCGA § 9-11-38 is misplaced as Georgia law does not authorize such an "appeal" to the superior court. In addition, after appellee made a prima facie case demonstrating its entitlement to summary judgment, appellant failed to show that a genuine issue of material fact remained for trial. See *Tench v. Turner*, 201 Ga. App. 156 (2) (410 SE2d 357) (1991). This enumeration is also without merit.

5. Finally, appellant contends the trial court erred in granting appellee's motion for interlocutory injunction. This enumeration of error is rendered moot by the grant of summary judgment, which we now affirm. See *Black v. Johnson*, 233 Ga. 533 (2) (212 SE2d 368) (1975).

*Judgment affirmed. Sognier, C. J., and McMurray, P. J., concur.*

DECIDED SEPTEMBER 25, 1992 —
RECONSIDERATION DENIED DECEMBER 9, 1992 

Samuel L. Green, *pro se.*
Ruth E. Weston, *pro se.*
Ellis Green III, *pro se.*
Elias Green, *pro se.*
Sampson Green, *pro se.*
*Oliver, Maner & Gray, Patrick T. O'Connor,* for appellee.