S92A1072. VANCE v. LOMAS MORTGAGE USA, INC.
(426 SE2d 873)

HUNSTEIN, Justice.

Appellant Vance appeals from the order of the trial court which granted summary judgment to appellee Lomas Mortgage USA in an action filed by the appellant against the appellee wherein the appellant demanded cancellation of a deed to secure debt, rescission of a loan transaction and injunctive relief, all based upon the existence of a lis pendens notice filed by the appellant with respect to the property at issue.

---

The appellant's former husband, Willie Vance, (hereinafter "Vance"), filed for a divorce from the appellant in January 1987. In April of that year, pursuant to OCGA § 19-5-7[1] the appellant filed a notice of lis pendens with respect to their marital residence in the Superior Court of DeKalb County. The notice set forth the names of the parties to the divorce proceeding, the civil action number of the pending divorce action, the name of the court in which the action was pending, a complete legal description of the property against which the appellant was asserting a claim, and a recitation that the defendant therein (the appellant) had filed an answer and counterclaim demanding that the property be divided equitably and that one-half the proceeds thereof be awarded to her. The notice further recited that it had been filed and recorded as provided by law. It did not, however, separately and specifically set out "the time of the institution of the action." OCGA § 44-14-610.[2] In May 1988, the case came on for trial. As a result of confusion surrounding the previous withdrawal of Vance's attorney, Vance failed to appear and a final judgment and decree were entered in favor of the appellant on May 18, 1988. No entry reflecting that judgment was made on the filed notice of lis pendens. Pursuant to the final judgment, the appellant was awarded one-half the net equity in the property; Vance was directed to cooperate fully with her in placing the property on the market and each was to receive one-half the net proceeds. When Vance failed to comply, the appellant filed a contempt petition in September 1988 in response to which Vance moved to set aside the May 18, 1988, judgment based upon inadequate notice of the trial. In July 1989, the default judgment and decree were set aside by the trial court and in September of that year, Vance granted the appellee a deed to secure debt on the subject property as security for a loan of $28,400. The security deed

---

[1] OCGA § 19-5-7 provides as follows:
After a petition for divorce has been filed, no transfer of property by either party, except a bona fide transfer in payment of preexisting debts, shall pass title so as to avoid the vesting thereof according to the final verdict of the jury in the case; provided, however, that the title to real property shall not be affected by the filing of an action for divorce unless a notice of lis pendens, as provided for by [OCGA §] 44-14-610 is filed in the office of the clerk of the superior court of the county in which the real property is situated and is recorded by the clerk in a book kept by him for that purpose.
[2] OCGA § 44-14-610 reads as follows:
No action, whether seeking legal or equitable relief or both, as to real property in this state shall operate as a lis pendens as to any such real property involved therein until there shall have been filed in the office of the clerk of the superior court of the county where the real property is located and shall have been recorded by the clerk in a book to be kept by him for the purpose a notice of the institution of the action containing the names of the parties, the time of the institution of the action, the name of the court in which it is pending, a description of the real property involved, and a statement of the relief sought regarding the property.

was recorded in October 1989. A new final judgment and decree in the divorce action were entered on February 9, 1990, which awarded the appellant title to the property and the right to receive one-half the net proceeds of the sale of the property, said sum not to be reduced by the payment by Vance of any liens on the property not recorded as of the date of that judgment. Vance failed to make payments on the loan and in January 1991, the appellee began foreclosure proceedings which led to the filing of the instant suit.

1. The appellant's first enumeration of error is that the trial court incorrectly granted summary judgment to the appellee as to several issues which were raised in the appellant's complaint. The trial court first concluded that the notice of lis pendens filed by the appellant was invalid because it did not recite the "time of the institution of the action" as required by OCGA § 44-14-610. Notwithstanding this first ruling, the trial court next determined that the filed notice of lis pendens terminated upon entry of the May 18, 1988, default judgment and was not revived by the setting aside of that judgment in July 1989 with the result that the rights in the property which were ultimately awarded to the appellant by the February 1990 final order and decree were subject to the security deed held by the appellee.

Because we agree with the result reached by the trial court with respect to the failure of the filed notice of lis pendens to revive upon the setting aside of the default judgment, we do not need to address the issue of the validity of the notice of lis pendens filed by the appellant.

The phrase "lis pendens" means, literally, pending suit. Black's Law Dictionary (Rev. 4th ed. 1968). The common law doctrine of lis pendens "relie[d] . . . on notice in the actual pleadings filed with the court in initiating litigation of property interests." 7 Powell on Real Property, Par. 907.1 [1], p. 82A-5 (Rev. ed. 1992). The doctrine imputed to all third parties constructive notice of the litigation and of the claims against property being asserted in the pleadings and bound third parties to the outcome of the litigation.

Georgia has codified the doctrine so that in order for such constructive notice to be operative, a notice of lis pendens must be filed. See OCGA § 44-14-610 et seq. The predecessors to the current Code sections were adopted in 1939. Prior to the enactment of the 1939 lis pendens act, this Court held that the constructive notice created by the common-law doctrine of lis pendens

"does not necessarily terminate upon rendition of the judgment, but may be continued for a reasonable time thereafter in which to pursue a remedy to set it aside, and that the time for this must depend upon the facts of the particular case . . . [thus] one who purchases . . . after final judgment takes sub-

ject to the inherent control of the court over its judgments pending the term during which they are entered, and . . . the action or suit continues as lis pendens until the end of that term." [Cit.]

*Land Dev. Corp. v. Union Trust Co. of Maryland,* 180 Ga. 785, 789 (180 SE 836) (1935). OCGA § 44-14-612 now directs the clerk to indicate on the face of the recorded lis pendens notice a dismissal, settlement, or final judgment entered in the underlying action and the book and page in the records where such final order or judgment is to be found. The statute does not address the status of a recorded lis pendens notice on which no such indication regarding a dismissal, settlement, or final judgment entered in the underlying action is made, notwithstanding that such an entry should have been made pursuant to the statute.

We hold that a valid notice of lis pendens, filed pursuant to OCGA § 44-14-610, remains effective as constructive notice of the action referred to therein only until a final judgment has been entered in the action[3] and the time for appeal therefrom has expired. See OCGA § 5-6-38 (a).[4] Thus, in the present case, the filing of the motion to set aside could not operate to revive the notice of lis pendens filed by the appellant, notwithstanding that the action itself "returns to the posture it occupied prior to the default judgment . . . ." *Bank of Cumming v. Moseley,* 243 Ga. 858 (257 SE2d 278) (1979). This rule will apply equally to notices of lis pendens filed pursuant to OCGA § 19-5-7.[5]

Accordingly, we must conclude that the title to the real property awarded to the appellant by the final judgment and decree entered February 9, 1990 is subject to the security deed from Vance to the appellee.

2. The order of the trial court granting summary judgment to the appellee ruled against the appellant on two additional issues raised in her complaint. However, the appellee's motion for summary judgment makes no reference to either of these issues, nor does our examination of the record reveal what facts, if any, concerning those issues, were submitted to the trial court for its consideration in ruling thereon. Therefore, we hold that it was error for the trial court to grant sum-

---

[3] Recordation of final judgments in the manner provided by OCGA § 9-12-86 remains a prerequisite to notice of the rights created or adjudicated by such final judgment.

[4] This will be true irrespective of whether the clerk makes any indication on the recorded notice of lis pendens pursuant to OCGA § 44-14-612.

[5] To the extent that the holding in *Land Dev. Corp.,* supra, and the holding in Div. 3 of *Snow's Farming Enterprises v. Carter State Bank,* 206 Ga. App. 661 (426 SE2d 158) (1992), cert. den. Jan. 22, 1993, are in conflict with the holding we state above, they are hereby overruled.

mary judgment in favor of the appellee as to those issues.

3. Appellant's remaining enumeration of error is based on the trial court's alleged denial of her motion for summary judgment. Inasmuch as the record before us is devoid of any such motion for summary judgment filed by the appellant, we consequently find this enumeration to be without merit.

*Judgment affirmed in part and reversed in part. Clarke, C. J., Hunt, P. J., Benham, Fletcher and Sears-Collins, JJ., concur.*

CLARKE, Chief Justice, concurring.

I concur entirely in the majority opinion. I write this concurrence only to point out that I find no new departure from existing law in that opinion. In my view, the definition of the phrase "lis pendens" controls this case. Black's Law Dictionary and a long line of legal authority define lis pendens as "a pending suit." Using this definition, a notice of lis pendens is nothing more nor less than a notice of a pending suit. Once a final judgment is entered and the time for appeal has expired, there is no pending suit and therefore a notice of lis pendens expires. If through one means or another a suit is revived after a final notice, then logic dictates that a new notice of lis pendens is required. The examiner of a record should be asked to look no further than the entry of a final notice plus the period for appeal to rely upon the expiration of a lis pendens notice.

DECIDED MARCH 15, 1993 —
RECONSIDERATION DENIED MARCH 30, 1993.

*Andersen, Davidson & Tate, Thomas T. Tate, Larry C. Oldham, Higgins & Dubner, Michael W. Higgins,* for appellant.
*Glen S. Stinson,* for appellee.