A96A2205. WOMACK et al. v. COLUMBUS RENTALS, INC. et al.
(478 SE2d 611)

McMURRAY, Presiding Judge.

Plaintiffs Columbus Rentals, Inc. and Kennon Realty Services, Inc. sought a writ of possession from the Municipal Court of Columbus, Georgia, alleging that defendants M. M. Womack and Catherine Womack were "tenant[s] at sufferance after foreclosure. . . ." The summons informed defendants their "answer must be filed with the Clerk of the Municipal Court of Columbus, Georgia on or before the 19 day of January, 1996." On January 16, 1996, proceeding pro se, defendants filed a "Motion for Dismissal on the grounds of Lack of Merit[, . . . contending they had a] [m]eritorious defense . . . pursuant to [OCGA] § 11-3-104 and § 11-2-201 and § 11-3-107 and § 11-3-604 and Cohens v. Virginia, 6 Wheat 264 and Public Law 89-719." Defendants also filed a "CAVEAT TO THE COURT," "pray[ing] that the [Municipal] Court consider ALL the evidence provided in the response to the Dispossessory Warrant, in this Case Number 96CV216." Plaintiffs responded with a "MOTION TO STRIKE 'CAVEAT TO THE COURT,' FOR JUDGMENT ON THE PLEADINGS AND FOR ISSUANCE OF WRIT OF POSSESSION INSTANTER." Plaintiffs also moved to compel defendants to pay rent into the registry of the court.

On January 29, 1996, defendants submitted their "ANSWER TO PLAINTIFF'S REQUEST FOR ADMISSIONS," and expressly denied that plaintiffs were the owner of the property, contending that they, "Defendants[,] possess Proof of Purchase of the property [at issue]. . . ." On February 5, 1996, defendants submitted documents indicating that, as of July 28, 1995, the "TOTAL AMOUNT TO PAY LOAN IN FULL * * [was] $52,836.16." In support of their claim that the purchase money loan had been paid in full, defendants submitted a copy of a Thomas Cook Foreign Exchange draft, drawn on the Banca Commerciale Italiana in the amount of "58,000 ESP" and payable to Great Financial Mortgage." This draft was returned unpaid to defendant M. M. Womack by Great Financial Mortgage on September 27, 1995, "due to 'Not US Dollars.' . . . [Rather,] this check [was] still in the form of Spanish pesos estimated at $439.64 US Dollars."

Defendants also attempted payment by tendering to Great Financial Mortgage a second "PROMISSORY NOTE," dated October 23, 1995. This second promissory note recites that it constituted a complete and lawful discharge of the purchase money loan extended by Great Financial Mortgage. But this promissory note was "redeemable at the location of, c/o 1908 Manchester Expressway Columbus, Georgia state pz 31904, anytime within three (3) months of this date October 23rd, 1995, by appointment only. Such appointment is to be made only by a written request of Great Financial Mortgage, it's [sic] Officer's [sic] and/or State Licensed Attorney on Record, to the mailing address c/o 1908 Manchester Expressway Columbus, Georgia state pz 31904 and acknowledged by [defendant] Myrias M. Womack's written approval in response. No telephone correspondence will be permitted, as to keep all Communications in Written Form, as a Record of Evidence." This second promissory note "shall become Void if not redeemed within three (3) months of October 23, 1995."

On February 19, 1996, the Municipal Court found that defendants "admitted in open court that they did not file any document intended to Answer Plaintiffs' dispossessory affidavit on or prior to January 19, 1996," and ordered defendants' Caveat to the Court stricken from the record and "further granted a judgment by default . . . [awarding] Plaintiffs a writ of possession immediately. . . ." On February 21, 1996, defendants filed a notice of "APPEAL TO THE SUPERIOR COURT." Nevertheless, on February 27, 1996, defendants filed a "MOTION TO SET ASIDE JUDGMENT," as well as notice of filing "CHAPTER 13 BANKRUPTCY," that same day. On April 10, 1996, the United States Bankruptcy Court for the Middle District of Georgia, Columbus Division, lifted the automatic stay and granted permission to proceed "with the pending litigation concerning title to the property in question and entitlement to possession . . . in the courts of the State of Georgia. . . ." On May 23, 1996, defendants filed a "MODIFIED AMENDMENT TO NOTICE OF APPEAL . . . APPEAL TO THE GEORGIA COURT OF APPEALS." This amendment allegedly was necessitated "based on a 1983 City Ordinance prohibiting the Municipal Court to allow an appeal to the Superior Court." Defendants appeal "from the order and judgment in the Municipal Court of Columbus, Georgia, entered on February 19, 1996." *Held*:

1. The February 21, 1996 notice of appeal from the February 19, 1996, judgment is timely and valid, for purposes of this Court's appellate jurisdiction, even though that notice ostensibly pursues a nonexistent remedy in the superior court. See, e.g., *Brumby v. State*, 264 Ga. 215 (443 SE2d 613). After the filing of a valid notice of appeal, the Municipal Court was deprived of jurisdiction over the

case and had no authority to grant defendants' motion for reconsideration or otherwise alter the judgment appealed from.

2. Defendants enumerate as error the Municipal Court's granting judgment by default, contending their Motion for Dismissal on the Grounds of Lack of Merit was a legally sufficient answer to the dispossessory action and created a triable issue as to the existence of the landlord-tenant relationship. We agree.

(a) The absence of a landlord-tenant relationship is a proper defense to a dispossessory action and if the defendant so answers, a trial of the issues shall be had in a civil court of record. *Thomas v. Wells Fargo Credit Corp.*, 200 Ga. App. 592, 593 (3), 594 (409 SE2d 71). The instant appeal turns on whether defendants filed a timely and adequate answer.

(b) "If the tenant fails to answer [within seven days] as provided in subsection (b) of Code Section 44-7-51, the court shall issue a writ of possession instanter notwithstanding Code Section 9-11-55 or Code Section 9-11-62[.]" OCGA § 44-7-53 (a). "It is[, however,] clear that what constitutes an 'answer' in a dispossessory action is to be liberally construed. An oral answer is sufficient to [require a trial of the issues in accordance with the procedures prescribed for civil actions in courts of record except where . . . the action is tried in the magistrate court. . . . Former] Code Ann. §§ 61-302 (b), 61-303 [now OCGA §§ 44-7-51 (b) and 44-7-53 (a), (b)]. *Hill v. Hill*, 241 Ga. 218 (244 SE2d 862) (1978)." *Rucker v. Fuller*, 247 Ga. 423, 424 (276 SE2d 600).

In the case sub judice, the Motion for Dismissal invoked OCGA § 11-3-104 (Form of Negotiable Instruments), former § 11-3-107 (Money) now § 11-3-107 (Foreign Money), § 11-2-201 (Statute of Frauds in the Title on Sales of Goods), and former § 11-3-604 now § 11-3-603 (Tender of Payment). A liberal construction of this timely pro se response in a dispossessory action authorizes the conclusion that defendants dispute the plaintiffs' allegations of ownership and the existence of the tenancy at sufferance. Consequently, the Municipal Court erred in failing to treat defendants' Motion of Dismissal, filed January 16, 1996, as a timely filed answer in this dispossessory action.

3. The question remains whether the Municipal Court further erred in granting plaintiff a judgment on the pleadings, in light of defendants' submission. A judgment that is correct for any reason must be affirmed. *Shapiro v. Lipman*, 259 Ga. 85, 86 (377 SE2d 673).

"The purchaser at a foreclosure sale under a power of sale in a security deed is the sole owner of the property until and unless the sale is set aside. *Walker v. Camp*, 121 Ga. App. 765 (175 SE2d 53)." *McKinney v. South Boston Savings Bank*, 156 Ga. App. 114, 115 (2) (274 SE2d 34). It is not germane to a dispossessory proceeding to

allege "that a contract under which the plaintiff claims to derive title from the defendant is void and should be canceled." *Crawford v. Crawford,* 139 Ga. 394 (hn. 3) (77 SE 557). "If the sale of the premises under the power of sale in the loan deed . . . was void on account of its improper exercise, or because the loan was not mature, this could not be set up as a defense to a [dispossessory] proceeding under the [former] Code [Ann.] §§ 61-301, 61-303 [now OCGA §§ 44-7-50; 44-7-53]. *Crawford v. Crawford,* 139 Ga. 394[, supra]. A tenant can not dispute the title of his landlord. [In the case sub judice,] the relation of landlord and tenant did exist between the plaintiff[s] and the defendants in the form of a tenancy at sufferance. This principle is applicable in a dispossessory proceeding by the grantee in a security deed against the grantor or his heirs or assigns in possession, after the property has been sold under the deed and purchased by the grantee. *Willis v. Harrell,* 118 Ga. 906[, 911 (10)] (45 S. E. 794)." *Ryals v. Atlantic Life Ins. Co.,* 53 Ga. App. 469, 470 (186 SE 197).

In the case sub judice, the essence of defendants' answer is that plaintiffs' purchase is void because foreclosure by Great Financial Mortgage, the purchase money lender, was not authorized. This defense is not germane to the dispossessory proceeding because plaintiffs, as buyers at a foreclosure sale, are the owners unless and until that foreclosure is set aside. Consequently, the Municipal Court did not err in granting judgment on the pleadings awarding plaintiffs the writ of possession.

*Judgment affirmed. Johnson and Ruffin, JJ., concur.*

DECIDED OCTOBER 30, 1996 —
RECONSIDERATION DENIED NOVEMBER 12, 1996 — 

Catherine Womack, *pro se.*

M. M. Womack, *pro se.*

*Funderburk, Day & Lane, Joel P. Day, Bradford C. Dodds,* for appellees.