A99A0197. BELLAMY et al. v. FEDERAL DEPOSIT INSURANCE CORPORATION.
(512 SE2d 671)

ELDRIDGE, Judge.

Kenneth and Ivory Bellamy, defendants-appellants ("Bellamy"), previously lost on appeal many of the same issues as presented in the case against Resolution Trust Corporation ("RTC"), predecessor in title to the Federal Deposit Insurance Corporation ("FDIC") as receiver for Southern Federal Savings Association of Georgia ("Southern") holder of a note and deed to secure debt. *Bellamy v. Resolution Trust Corp.*, 266 Ga. 630, 631 (469 SE2d 182) (1996). To

understand this case, the facts underlying the prior case must be set forth:

### Case No. S96A0510, prior appeal

Bellamy purchased the lot upon which to build a house. Bellamy entered into a construction contract with Sunflower Properties, Inc. ("Sunflower") to build a house and to obtain the construction financing. Bellamy conveyed the lot to Sunflower. Using the lot as collateral, Sunflower obtained a $200,000 construction loan from Southern. Sunflower gave a real estate note and a deed to secure debt to Southern for the $200,000, using the lot and house to be built on it as collateral. Sunflower and Bellamy got into a dispute over the construction, and Sunflower sued Bellamy for money owed; Bellamy counterclaimed for reconveyance of the lot and house. The Sunflower suit went to trial, and the jury returned a verdict against Bellamy to reconvey the house and lot, which the trial court reduced to judgment.

However, no one paid Southern on the construction loan. RTC, on behalf of Southern, gave notice that the default was accelerated both to Bellamy and Sunflower, as well as notice of sale under power. The foreclosure was advertised. RTC bid at foreclosure for the house and lot.

On February 13, 1995, RTC commenced a dispossessory action against Bellamy by serving them personally in the Magistrate Court of Fayette County. Bellamy answered and demanded a jury trial. In the second defense, Bellamy alleged that RTC was not the owner of the property. The first count of the Bellamy counterclaim seeks to set aside the foreclosure because of a failure of notice, a failure to comply with the security deed exercise of power of sale, and other defects. Count 2 of the counterclaim alleged fraud. Bellamy asked that the case be transferred to the Superior Court of Fayette County because equitable relief was sought in the counterclaim.

RTC moved to dismiss the two counts of the counterclaim because the foreclosure had been properly carried out, notice given, and the sale was properly conducted. Further, the oral fraud count was barred by 12 USCA § 1823 (e). Bellamy responded, raising issues as to advertising, improper foreclosure procedure, fraud, and deficiency of notice. After a hearing, the trial court treated the motion to dismiss the counterclaim as a motion for summary judgment and granted summary judgment to RTC against Bellamy on the counterclaim. In the original appeal, Bellamy enumerated only two errors: (1) the trial court's grant of summary judgment while a motion to compel discovery was pending; and (2) the trial court's finding that 12 USCA § 1823 barred fraud under the facts of the case. Bellamy did

not raise any issues as to Count 1 of the counterclaim in the enumerations of error.

(a) Any attack on the foreclosure procedure and the deed into RTC had to be brought as a compulsory counterclaim to set aside the foreclosure deed. OCGA § 9-11-13 (a). Thus, any defect in the advertising of the foreclosure, conduct of sale, deed under power of sale, or other basis to set aside the foreclosure had to be asserted as a compulsory counterclaim or it becomes barred by res judicata. See *Calhoun First Nat. Bank v. Dickens*, 264 Ga. 285, 286 (1) (443 SE2d 837) (1994); *Williams v. South Central Farm Credit, ACA*, 215 Ga. App. 740, 742 (2) (452 SE2d 148) (1994). "The purchaser at a foreclosure sale under a power of sale in a security deed is the sole owner of the property until and unless the sale is set aside. It is not germane to a dispossessory proceeding to allege that a contract under which the plaintiff claims to derive title from the defendant is void and should be canceled. If the sale of the premises under the power of sale in the loan deed was void on account of its improper exercise, or because the loan was not mature, this could not be set up as a defense to a dispossessory proceeding under the former Code Ann. §§ 61-301, 61-303 (now OCGA §§ 44-7-50; 44-7-53). A tenant can not dispute the title of his landlord. [In this case,] the relation of landlord and tenant did exist between the plaintiffs and the defendants in the form of a tenancy at sufferance. This principle is applicable in a dispossessory proceeding by the grantee in a security deed against the grantor or his heirs or assigns in possession, after the property has been sold under the deed and purchased by the grantee." (Citations and punctuation omitted.) *Womack v. Columbus Rentals,* 223 Ga. App. 501, 503-504 (3) (478 SE2d 611) (1996); see also *Dodson v. Farm & Home Savings Assn.*, 208 Ga. App. 568, 569 (430 SE2d 880) (1993); *Hague v. Kennedy*, 205 Ga. App. 586, 588 (423 SE2d 283) (1992).

(b) Bellamy raised in the counterclaim some of the grounds that were sought to be raised again after the appeal. The grant of the summary judgment based upon RTC's motion to dismiss all the counterclaims resulted in an adjudication on the merits of all grounds raised or that could be raised by counterclaim. Bellamy's failure to raise such issues in the enumerations of error acted as a waiver, so that the judgment of the Supreme Court barred such counterclaim to set aside the foreclosure for defects.

(c) Bellamy asserted such new theories as to the alleged defective foreclosure after remittitur; such new theories constituted additional grounds for Count 1 of the compulsory counterclaim and, thus, were new counterclaims which were barred under OCGA § 9-11-13 (a), (f). However, the record does not show leave was obtained from the trial court to raise such additional grounds on counterclaim, and such new counterclaims were subject to dismissal as a matter of law.

See *Cornelius v. Auto Analyst*, 222 Ga. App. 759, 762 (3) (476 SE2d 9) (1996); *Conerly v. First Nat. Bank*, 209 Ga. App. 601, 603-604 (3) (434 SE2d 143) (1993); *Eudaly v. Valmet Automation (USA)*, 201 Ga. App. 497, 498 (1) (411 SE2d 311) (1991). On February 12, 1998, Bellamy could not again raise issues as to defective foreclosure and the deed into RTC, because the trial court's grant of summary judgment as to Bellamy's counterclaim had been affirmed by the Supreme Court, which barred further counterclaim. Such issues could not now be raised as a defense to dispossession and constituted final adjudication and binding precedent that prevents Bellamy's relitigation of such issues. See OCGA § 9-11-60 (h); *Bellamy v. Resolution Trust Corp.*, supra; *Jebco Ventures v. City of Smyrna*, 259 Ga. 599, 601-602 (1) (385 SE2d 397) (1989); *Faircloth v. A. L. Williams & Assoc.*, 219 Ga. App. 560, 561 (2) (465 SE2d 722) (1995).

## Case No. A99A0197

On December 19, 1995, the trial court entered an order compelling Bellamy to pay rent into the court for RTC. On June 4, 1996, the judgment on remittitur was entered. On June 7, 1996, Bellamy filed a notice of lis pendens against the property. On August 7, 1996, FDIC was substituted into the case for RTC. In November 1996, Bellamy stopped paying rent.

On January 6, 1998, FDIC filed its motion for Writ of Possession, Disbursement of Rents Paid, and Removal of Lis Pendens. The trial court granted the motion, but vacated it to allow Bellamy a hearing on February 4, 1998 after motion by Bellamy. The February 4, 1998 hearing was not an evidentiary hearing. OCGA § 9-11-43 (b). At the hearing, Bellamy's counsel admitted in judicio that no rent had been paid since November 1996.

On February 12, 1998, the trial court (1) ordered a writ of possession in favor of FDIC; (2) ruled upon all issues pending in favor of FDIC, including possession, demand, removal of lis pendens, and disbursement to FDIC; and (3) ruled that any appeal by Bellamy was for the purpose of delay. On February 20, 1998, Bellamy filed the notice of appeal.

1. Bellamy asserts that the trial court erred by ordering Bellamy to pay rent into the trial court and by granting FDIC a writ of possession when Bellamy stopped paying. We do not agree.

After foreclosure sale, the former owner cannot attack dispossession without first setting aside the foreclosure and deed. *Womack v. Columbus Rentals*, supra at 503-504. Where former owners of real property remain in possession after a foreclosure sale, they become tenants at sufferance. *Frank v. Fleet Finance*, 227 Ga. App. 543, 547 (1) (c) (489 SE2d 523) (1997); *Hyman v. Leathers*, 168 Ga. App. 112,

114 (2) (308 SE2d 388) (1983).

In this case, from January 1996, Bellamy remained tenants at sufferance. As tenants at sufferance, they were subject to being summarily dispossessed by the purchaser at foreclosure sale. See *Browning v. Fed. Home Loan Mtg. Corp.*, 210 Ga. App. 115, 117 (3) (435 SE2d 450) (1993); see also *Hyman v. Leathers*, supra at 114.

OCGA § 44-7-56 provides that, pending an appeal the trial court may require payment of rent into the registry of the court, even if the relationship as tenants at sufferance has not been decided by the court. See *Thomas v. Wells Fargo Credit Corp.*, 200 Ga. App. 592, 594 (5) (409 SE2d 71) (1991); *Hyman v. Leathers*, supra at 113; *Williams v. Durham*, 77 Ga. App. 840, 841-842 (50 SE2d 373) (1948). The amount of rent is the reasonable rental value if no prior rent had been established and, upon failure to pay, the landlord is entitled to an immediate writ of possession. *Hall v. VNB Mtg. Corp.*, 170 Ga. App. 867 (318 SE2d 674) (1984); *Bible v. Allday*, 93 Ga. App. 231 (2) (91 SE2d 306) (1956). Bellamy failed to pay rent after November 1996. Accordingly, there was no error.

2. Bellamy contends that the trial court erred in ruling that all issues in the case had been disposed of in the prior appeal. We do not agree.

*Bellamy v. Resolution Trust Corp.*, supra at 631, disposed of most of the issues of the case, including notice under OCGA § 44-14-162 et seq., validity of foreclosure, and fraud in obtaining the deed to secure debt. Res judicata or the law of the case doctrine precludes the relitigation of such issues. See OCGA §§ 9-12-40; 9-11-60 (h); *Sorrells Constr. Co. v. Chandler Armentrout & Roebuck, P. C.*, 214 Ga. App. 193, 194 (447 SE2d 101) (1994).

Demand for possession under OCGA § 44-7-50 was determined adversely to Bellamy in the February 12, 1998 order. The trial court ruled, "[g]iven the history of litigation of this case, including [the foreclosure sale, it's almost laughable to believe the defendants do not have notice that the plaintiffs are demanding possession of the property." Thus, on February 12, 1998, all remaining issues were decided by the trial judge; the prior appeal determined the other issues. This enumeration lacks merit.

3. Bellamy next claims that the trial court erred in ruling that a demand was not required prior to the filing of the dispossessory action. We do not agree.

The trial court ruled that the demand for possession was properly made by the plaintiffs. See Division 2. Thus, this enumeration is without merit.

4. Bellamy asserts that the trial court erred in granting summary judgment to FDIC. We do not agree.

Bellamy contends that the trial court adjudicated the remaining

issues on summary judgment, but concedes that FDIC never moved for summary judgment. See OCGA § 9-11-56. Most of the issues raised by Bellamy were barred by res judicata or law of the case by the prior appeal adverse to Bellamy as to foreclosure, notice, and defective advertisement. *Bellamy v. Resolution Trust Corp.*, supra at 631. The trial court at a non-jury hearing correctly decided the remaining issues against Bellamy.

(a) As a tenant at sufferance under a foreclosure deed, Bellamy was subject to summary dispossession. *Browning v. Fed. Home Loan Mtg. Corp.*, supra at 117. Bellamy failed to pay the rent as ordered by the trial court, which non-payment was admitted. As a tenant at sufferance, Bellamy could not attack RTC's title as his landlord in a dispossession action. *Womack v. Columbus Rentals,* supra at 503-504.

(b) Under OCGA §§ 44-7-54 and 44-7-56, FDIC was entitled to the funds held in the registry of the trial court. Failure to pay rent into court entitles the property owner to an immediate writ of possession and disbursement of funds as a non-jury matter. OCGA § 44-7-54 (b), (c). Issuance of such writ of possession is a non-jury matter where the tenant at sufferance fails to pay court-ordered rent into court. *Mitchell v. Excelsior Sales &c.*, 243 Ga. 813, 815-816 (2) (256 SE2d 785) (1979). Where the property owner makes no claim for damages beyond the rent ordered paid by the court and the tenant fails to pay, the issuance of the writ of possession constitutes a final judgment. *Diplomat Restaurant v. Anthony*, 180 Ga. App. 431 (349 SE2d 284) (1986).

Under OCGA § 44-7-54 (c), determination of any dispute as to the funds paid into the registry of the court shall be "a determination of the issues by the trial court. If either party appeals the decision of the trial court, that part of the funds equal to any sums found by the trial court to be due from the landlord to the tenant shall remain in the registry of the court until a final determination of the issues. The court shall order the clerk to pay the landlord without delay the remaining funds in court and all payments of future rent made into court. . . ." Ga. L. 1988, p. 923, § 2; Ga. L. 1998, p. 1380, § 2.[1]

In this case, *Bellamy v. Resolution Trust Corp.*, supra at 631, by determining that the RTC had title by foreclosure, also determined that RTC and its assigns were entitled to all funds paid into the trial court as rent. Thus, in ordering the disbursement of funds on Febru-

---

[1] While the effective date of Ga. L. 1998, p. 1380 was July 1, 1998, this Code section is procedural only and does not affect substantive rights. See OCGA § 1-3-5; *Focht v. American Cas. Co.*, 103 Ga. App. 138 (118 SE2d 737) (1961). Thus, it has retroactive effect. Even if it could not be applied retroactively, it assists in interpreting the intent of the General Assembly regarding this section. See *Porquez v. Washington*, 268 Ga. 649, 652 (1) (492 SE2d 665) (1997). Thus, under Ga. L. 1988, p. 923, "determination of the issues" refers to the trial court and not a jury.

ary 12, 1998, the trial court decided a non-jury legal issue, because Bellamy no longer had a valid claim to the funds.

(c) Any ownership interest that Bellamy had in the property was extinguished by the foreclosure and sale; the validity of the foreclosure is res judicata or law of the case as to Bellamy. *Bellamy v. Resolution Trust Corp.*, supra at 631. Under power of sale contained in the deed to secure debt, RTC obtained complete legal title by purchase at foreclosure, which it assigned to FDIC. Thus, the lis pendens was void and subject to removal by the trial court after judgment of the Supreme Court was entered in the trial court. See OCGA § 44-14-612; *Panfel v. Boyd*, 187 Ga. App. 639, 646-647 (4) (371 SE2d 222) (1988).

(d) As determined in Division 2, the trial judge ruled as a matter of law on undisputed facts and determined under *Bellamy v. Resolution Trust Corp.*, supra, that OCGA § 44-7-50 (a) "demand for possession of the property," had been satisfied, which was a non-jury determination of a mixed question of law and fact. See *Green Room v. Confederation Life Ins. Co.*, 215 Ga. App. 221, 222 (1) (450 SE2d 290) (1994); see also *Burns v. Reves*, 217 Ga. App. 316, 318 (2) (457 SE2d 178) (1995); *Sandifer v. Long Investors*, 211 Ga. App. 757, 758-759 (1) (b) (440 SE2d 479) (1994).

After the hearing, the trial court adjudicated these remaining issues of undisputed fact against Bellamy as a matter of law. However, this was not a motion for summary judgment under OCGA § 9-11-56, as erroneously characterized by Bellamy. Under OCGA § 44-14-612, since *Bellamy v. Resolution Trust Corp.*, supra at 631, was a final adjudication on the merits of the lis pendens, then the order to the clerk to cancel and remove the lis pendens was not a matter for jury trial; however, the order to the clerk should have instructed the clerk to mark the notice of lis pendens "final judgment for the defendant and against the plaintiff" and give the book and page in the docket where such final order or judgment is recorded in the docket book. See OCGA § 44-14-612; *Snow's Farming Enterprises v. Carver State Bank*, 206 Ga. App. 661, 662 (3) (426 SE2d 158) (1992), rev'd on other grounds, *Vance v. Lomas Mtg. USA,* 263 Ga. 33, 36, n. 5 (426 SE2d 873) (1993). "OCGA § 44-14-612 now directs the clerk to indicate on the face of the recorded lis pendens notice a dismissal, settlement, or final judgment entered in the underlying action and the book and page in the records where such final order or judgment is to be found. The statute does not address the status of a recorded lis pendens notice on which no such indication regarding a dismissal, settlement, or final judgment entered in the underlying action is made, notwithstanding that such an entry should have been made pursuant to the statute." *Vance v. Lomas Mtg. USA*, supra at 36. The reason that the notice for lis pendens is now marked on the face of

754

the notice as to disposition rather than physically canceled or removed is that the judgment in the underlying action may be set aside, new trial granted, or appealed so that the action could be revived later and the notice of lis pendens still provide warning to potential purchasers. *Vance v. Lomas Mtg. USA*, supra at 36; *Land Dev. Corp. v. Union Trust Co.*, 180 Ga. 785, 789 (180 SE 836) (1935). Since on June 4, 1996, the judgment in the underlying action in this case was final on remittitur in *Bellamy v. Resolution Trust Corp.*, supra, then the trial court's order was harmless error. *Vance v. Lomas Mtg. USA*, supra at 36. Thus, this enumeration of error lacks merit.

*Judgment affirmed. Pope, P. J., and Smith, J., concur.*

DECIDED FEBRUARY 19, 1999 —
RECONSIDERATION DENIED MARCH 3, 1999 — 

*Michael Kessler*, for appellants.

*Miller & Martin, William A. DuPre IV, Glass, McCullough, Sherrill & Harrold, Michael A. Kaeding, Charles W. Ingraham, Shannon L. Nagle*, for appellee.