## A10A0010. ROLAN et al. v. GLASS.
(699 SE2d 428)

BARNES, Presiding Judge.

In May 2002, Gay Winters, as administrator of her father's estate, entered into a purchase and sale agreement with Howard Glass to sell her father's house for $75,000. The cash closing was scheduled for June 6, 2002; however, the closing did not occur, and on June 20, 2002, Glass filed suit against Winters individually and as administrator of the estate. He also filed a lis pendens notice on that same date. On June 27, 2002, Claudia Rolan purchased the property for $95,000 with financing from Homebanc Mortgage Corporation. The security deed was recorded on July 31, 2002.

Over five years later, on August 24, 2007, Glass dismissed the lawsuit against Winters without prejudice. He subsequently timely re-filed the lawsuit on November 13, 2007, naming Rolan and Homebanc as additional defendants, and also seeking to cancel their deeds. A lis pendens notice of the renewal action was also timely filed.

Rolan and Homebanc moved for summary judgment, arguing, among other things, that they were bona fide purchasers for value and had neither constructive nor actual notice of the 2002 lawsuit. They further argued that a valid notice of lis pendens remains as effective notice of the action only until a final judgment is entered, and the dismissal without prejudice voided the earlier lis pendens. The trial court denied the motion without explanation but granted a certificate of immediate review. Following this court's grant of an application for interlocutory review, Rolan and Homebanc Mortgage Corporation (collectively "Rolan") appeal from that order.

On appeal, Rolan contends that the trial court erred in denying their motion for summary judgment because they were bona fide purchasers for value without notice, the June 2002 contract between Winters and Glass expired on June 6, 2002 when the parties did not close by that date, and that Glass's claims were barred by laches. Upon our review, we affirm.

Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c); *Britt v. Kelly & Picerne, Inc.*, 258 Ga. App.

843 (575 SE2d 732) (2002). "On appeal from the grant or denial of a motion for summary judgment, we review the evidence de novo, and all reasonable conclusions and inferences drawn from the evidence are construed in the light most favorable to the nonmovant." *McCaskill v. Carillo*, 263 Ga. App. 890 (589 SE2d 582) (2003).

1. Rolan first contends that they were bona fide purchasers for value and had neither constructive nor actual notice of the 2002 lawsuit between Glass and Winters. They further argued that the 2002 lis pendens was effective as notice of the 2002 action only until a final judgment was entered, and the dismissal without prejudice acted to void the lis pendens ab initio. We do not agree.

Here, the first lis pendens was filed on June 20, 2002, seven days before Rolan purchased the house. Thus, it is undisputed that at the time of Rolan's purchase of the property, there was a valid lis pendens in place. Rolan argues, however, that a lis pendens only provides notice of a pending litigation, and that because the pending litigation — the 2002 action — was dismissed, she and Homebanc were bona fide purchasers for value without constructive or actual notice and not subject to the lis pendens.

"To qualify as a bona fide purchaser for value without notice, a party must have neither actual nor constructive notice of the matter at issue. A purchaser of land is charged with constructive notice of the contents of a recorded instrument within its chain of title." (Citations and punctuation omitted.) *VATACS Group v. Homeside Lending*, 276 Ga. App. 386, 391 (2) (623 SE2d 534) (2005). Under OCGA § 44-14-610, a lis pendens becomes effective upon filing in the office of the superior court clerk. "If notice of the suit is filed on the lis pendens docket in the office of the clerk of the superior court where the land lies, the action is notice to the world, and one who *thereafter* acquires an interest in the property would be affected by the relief granted in the suit." (Citations and punctuation omitted; emphasis supplied.) *Meadow Springs v. IH Riverdale*, 296 Ga. App. 551, 554 (1) (675 SE2d 290) (2009), rev'd on other grounds, 286 Ga. 701 (690 SE2d 842) (2010).

In *Vance v. Lomas Mtg. USA*, 263 Ga. 33 (426 SE2d 873) (1993), our Supreme Court held that setting aside a default judgment did not revive a lis pendens that terminated upon entry of that judgment. The court stated that "a valid notice of lis pendens, filed pursuant to OCGA § 44-14-610, remains effective as constructive notice of the action referred to therein only until a final judgment has been entered in the action and the time for appeal therefrom has expired." Id. at 36.

Rolan argues that per *Vance*, upon the dismissal of the lawsuit in 2007, the original lis pendens in the 2002 lawsuit was of no legal effect and could not provide actual or constructive notice. Glass

contends that because he renewed his 2002 suit, the original lis pendens never lost vitality or, alternatively, was revived. He argues that under *Vance* a valid notice of lis pendens filed pursuant to OCGA § 44-14-610 remains effective as constructive notice of the action referred to therein until a voluntary dismissal without prejudice has been entered in the action *and* the time for refiling that action has expired.

OCGA § 44-14-612 provides:

> Upon the dismissal of any action by the plaintiff or plaintiffs or when a settlement or final judgment is entered therein, such dismissal, settlement, or final judgment shall be indicated on the face of the lis pendens record by the clerk of the superior court of each county where the lis pendens is recorded; and the book and page of the records where the final order or judgment is found shall also be indicated on the lis pendens record by the clerk.

In *Bellamy v. FDIC*, 236 Ga. App. 747 (512 SE2d 671) (1999), we observed that

> [t]he reason that the notice for lis pendens is now marked on the face of the notice as to disposition rather than physically canceled or removed is that the judgment in *the underlying action may be set aside, new trial granted, or appealed so that the action could be revived later and the notice of lis pendens still provide warning to potential purchasers.*

(Emphasis supplied.) Id. at 753-754.

Pretermitting whether a lis pendens notice remains in effect for six months after a party dismisses the underlying litigation without prejudice, during which the action may be refiled, here it is undisputed that the lis pendens was filed before Rolan purchased the property. The lis pendens notice was within the chain of title and thus constituted constructive notice to any subsequent purchaser. As the purchaser of the house, Rolan is charged with constructive notice of the contents of a recorded instrument within the property's chain of title. See *VATACS Group v. Homeside Lending*, supra, 276 Ga. App. at 391 (2).

> [A] purchaser of real property is not only charged with notice of every fact shown by the records in the chain of title, but is also presumed to know every other fact which the examination suggested. Thus, when information ap-

YALE LAW LIBRARY

pears in the county's records or occurs during the sale of real property that would excite a reasonable purchaser's attention regarding the existence of a lien or other issue affecting the title to the property, the purchaser has a duty to make a further inquiry. The notice which is sufficient to create this duty to inquire is also constructive notice of everything to which it is afterwards found that such inquiry might have led. It follows that, once the duty to inquire arises, a purchaser's ignorance of a fact, such as a lien or other issue affecting the title to the property, due to his or her negligence in failing to make the additional inquiry will be the equivalent of the purchaser's constructive knowledge of that fact.

(Punctuation omitted.) *Gallagher v. The Buckhead Community Bank*, 299 Ga. App. 622, 626 (1) (683 SE2d 50) (2009). Thus, as Rolan had constructive notice of the lis pendens, she was not a bona fide purchaser without notice, and the trial court did not err in denying summary judgment as to this issue.

2. Rolan also contends that she is entitled to summary judgment because Glass's contract with Winters expired as a matter of law for failure to timely close. The purchase and sale agreement stipulated that the

transaction shall be closed on [June 6, 2002], or on such other date as may be agreed to by the parties in writing, provided, however, that: (1) in the event the loan described herein is unable to be closed on or before said date; or (2) Seller fails to satisfy valid title objections, Buyer or Seller may, by notice to the other party (which notice must be received on or before the closing date), extend the Agreement's closing date up to seven (7) days from the above-stated closing date.

The evidence shows that Glass faxed Winters on June 6, 2002, the date of the scheduled closing, informing her that he would "need to take the 7 day extension to make sure that title is transferred properly."

Trial courts must follow a three-step process for resolving issues of contract construction:

The trial court must first decide whether the contract language is ambiguous; if it is ambiguous, the trial court must then apply the applicable rules of construction

(OCGA § 13-2-2); if after doing so the trial court determines that an ambiguity still remains, the jury must then resolve the ambiguity.

(Punctuation and footnote omitted.) *Grier v. Brogdon*, 234 Ga. App. 79, 80 (2) (505 SE2d 512) (1998). A word or phrase is ambiguous when its meaning is uncertain and may fairly be understood in more ways than one. *Kusuma v. Metametrix, Inc.*, 191 Ga. App. 255, 256 (2) (381 SE2d 322) (1989).

Here, the contract is ambiguous as to the process by which the closing date can be extended in the event of a cash closing, as was the circumstance here, as opposed to a closing involving a loan. It is also unclear whether, as Glass argues, the contract provided for an extension in the event of a cash closing. Although Rolan argues that the contract terms clearly did not provide for an extension in a cash closing, the language of the contract contradicts this assertion. The contract provides that the "transaction shall be closed on [June 6, 2002], *or on such other date as may be agreed to by the parties in writing.*" (Emphasis supplied.) It then delineates two circumstances for a seven-day extension — the loan not being able to close, and title problems.

There is no dispute regarding the *loan* being able to close on the contract date because there was no loan. Likewise, Glass in his deposition stated that he did not specifically notify Winters of any problem with the title before the closing date. However, both parties disagree as to events surrounding the changed closing date, including how and when notice of Glass's request to change the date was sent, and why the date was changed.

It is axiomatic that any construction that renders portions of the contract language meaningless should be avoided. *Deep Six, Inc. v. Abernathy*, 246 Ga. App. 71, 74 (2) (538 SE2d 886) (2000). Here, the contract clearly provides for a change in the closing date. It is unclear, however, what time period is allowed in the circumstances of a cash closing. "[D]isagreement as to the intent of the parties [is] an evidentiary, factual matter for resolution by jury and not a matter of law for determination by the court. [Cits.]" *Crestlawn Mem. Park v. Scott*, 146 Ga. App. 715, 717 (1) (247 SE2d 175) (1978). Although parol evidence is admissible to explain ambiguities, the question as to what was intended here is an issue of fact that requires jury resolution. See *Tachdjian v. Phillips*, 256 Ga. App. 166, 171 (568 SE2d 64) (2002). Thus, the trial court properly denied Rolan's motion for summary judgment.

3. Rolan also contends that Glass's action is barred by laches. In determining the viability of a laches defense, the trial court should consider the length of the delay, the sufficiency of the excuse, the loss

of evidence on disputed matters, the opportunity for the claimant to have acted sooner, and whether the plaintiff or defendant possessed the property during the delay. The defendant must show prejudice from the delay. *Troup v. Loden*, 266 Ga. 650, 651 (1) (469 SE2d 664) (1996). Here, Glass promptly filed his initial action and then timely renewed it. And in both the original action and the renewal action, he filed timely, proper lis pendens notice. On this set of facts, Rolan has not demonstrated that she is entitled to summary judgment because of a prejudicial delay.

*Judgment affirmed. Bernes, J., and Senior Appellate Judge G. Alan Blackburn concur.*

DECIDED JULY 14, 2010 — 

*Rubin Lublin, Peter L. Lublin, Brian Linkowski*, for appellants.
*Hodges, McEachern & King, Marion K. McEachern, Timothy K. King*, for appellee.