705 S.E.2d 682 (2011)
BRITTON
v.
FEDERAL NATIONAL MORTGAGE ASSOCIATION (two cases).
Nos. A10A2132, A10A2133.
Court of Appeals of Georgia.
January 20, 2011.
*683 Kenneth A. Britton, pro se.
Shapiro & Swertfeger, Philip A. Hasty, Atlanta, Denise R. Griffin, Lawrenceville, Heather M. Malick, Atlanta, for appellee.
MIKELL, Judge.
Kenneth A. Britton, proceeding pro se, appeals from two orders entered by the trial court in this dispossessory action. In Case No. A10A2132, he appeals the issuance of a dispossessory order entered in favor of the Federal National Mortgage Association ("FNMA"). In Case No. A10A2133, Britton appeals from the order requiring him to make rental payments into the registry of the court. For reasons set forth below, we dismiss Case No. A10A2132 and affirm the judgment in Case No. A10A2133.
The scant records in these cases show that FNMA filed a dispossessory warrant against Britton and two others, alleging that they were in possession of certain property in Stone Mountain as tenants at sufferance following a foreclosure sale of the property on February 2, 2010. Britton filed an answer, alleging wrongful foreclosure. Following a hearing, which was not transcribed, the trial court ordered that a writ of possession be issued the following week. Prior to the issuance of the writ, Britton filed a notice of appeal. Thereafter, FNMA filed a motion to compel payment of rent into court pursuant to OCGA § 44-7-54. A hearing was held, but it was not transcribed. On the date of the hearing, June 17, 2010, the trial court entered an order requiring Britton to pay *684 $4,194 in back rent into court, plus $845 per month on the fifth day of each month thereafter.

Case No. A10A2132
1. Although Britton filed a notice of appeal in Case No. A10A2132, he has failed to file a brief or enumerations of error. Moreover, the brief filed by Britton in Case No. A10A2133 does not challenge the judgment determining that FNMA is entitled to possession of the property. Thus, his appeal from that judgment is deemed abandoned and is hereby dismissed pursuant to Court of Appeals Rule 23(a).[1]

Case No. A10A2133
2. Britton asserts that the trial court erred in ordering him to pay rent accruing from the date of foreclosure. Britton contends that rent should have been computed from the date of FNMA's motion to compel payment of rent. He cites no authority in support of this proposition, and our research reveals none.
An owner of real property who remains in possession following a foreclosure sale of the property becomes a tenant at sufferance.[2] "A tenant at sufferance is liable for the reasonable rental value of the premises."[3]
OCGA § 44-7-56 provides that, pending an appeal the trial court may require payment of rent into the registry of the court, even if the relationship as tenants at sufferance has not been decided by the court. The amount of rent is the reasonable rental value if no prior rent had been established.[4]
Because Britton appealed the judgment ordering that a writ of possession be issued to FNMA, the trial court was authorized to order him to pay rent due from the date of foreclosure.[5]
3. Finally, Britton contends that the trial court erred in failing to hear certain evidence concerning comparable rents in the area. We cannot review this contention, however, because Britton failed to include a transcript of the hearing in the record. In fact, his notice of appeal states that "a transcript will not be included with this Appeal." Accordingly, Britton has failed to carry his burden, as the appellant, of affirmatively showing error by the record.[6] We therefore presume that the trial court's judgment is correct and affirm.[7]
Appeal dismissed in Case No. A10A2132. Judgment affirmed in Case No. A10A2133.
SMITH, P.J., and ADAMS, J., concur.
NOTES
[1] See Brown v. Jackson, 221 Ga.App. 200, 201(1), 470 S.E.2d 786 (1996).
[2] Bellamy v. Fed. Deposit Ins. Corp., 236 Ga.App. 747, 750-751(1), 512 S.E.2d 671 (1999); Mathews v. Fidelcor Mtg. Corp., 148 Ga.App. 292, 251 S.E.2d 68 (1978).
[3] (Citation omitted.) Bible v. Allday, 93 Ga.App. 231(2), 91 S.E.2d 306 (1956).
[4] (Citations omitted.) Bellamy, supra at 751(1), 512 S.E.2d 671. Accord Thomas v. Wells Fargo Credit Corp., 200 Ga.App. 592, 594(5), 409 S.E.2d 71 (1991); Mathews, supra at 293(1), 251 S.E.2d 68.
[5] OCGA § 44-7-56 pertinently provides:

... If the judgment of the trial court is against the tenant and the tenant appeals this judgment, the tenant shall be required to pay into the registry of the court all sums found by the trial court to be due for rent in order to remain in possession of the premises. The tenant shall also be required to pay all future rent as it becomes due into the registry of the trial court. . . until the issue has been finally determined on appeal.
[6] Sanders v. Daniel, 302 Ga.App. 350, 351(1), 691 S.E.2d 244 (2010).
[7] Id.; accord Mackey v. Fed. Nat. Mtg. Assn., 294 Ga.App. 495, 497-498(5), 669 S.E.2d 397 (2008).